**In the Matter of Thomas Allen CRONK and Karen Marie Cronk, Debtors.**

**Bankruptcy No. 90–23–D H.**

United States Bankruptcy Court, S.D. Iowa.

June 14, 1990.

Martha Easter–Wells, Davenport, Iowa, for debtors.

J.W. Warford, Des Moines, Iowa, Chapter 13 Trustee.

Ellen Kay Curry, Davenport, Iowa, for Mississippi Valley Credit Union.

ORDER—OBJECTIONS TO PLAN

RUSSELL J. HILL, Bankruptcy Judge.

On May 9, 1990, a hearing was held on objection to Debtors' Plan. The following attorneys appeared on behalf of their respective clients: Martha Easter–Wells for Debtors; Ellen K. Curry for I.H. Mississippi Valley Credit Union ("Credit Union"); and J.W. Warford as Chapter 13 Trustee. At the conclusion of said hearing, the Court took the matter under advisement. The Court considers the matter fully submitted.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L). The Court, upon review of the pleadings, evidence presented, and arguments of counsel, now enters its findings and conclusions pursuant to Fed. R.Bankr.P. 7052.

### FINDINGS OF FACT

1. On January 4, 1990, Debtors filed a Chapter 13 petition.

2. On Schedule 12(b), Secured Debts, Debtors list a $3,591.66 Secured Debt of Eugene S. Henry, secured by a 1984 Ford Escort. On Schedule 12(b), Debtors state: "Debtors make payment to First National Bank for 1984 Ford Escort possessed by Debtors. Debt is in name of Eugene S. Henry, father of Debtor Karen Cronk."

3. On Schedule 12(c), Unsecured Debts, Debtors list an unsecured debt of Eugene S. Henry in the amount of $2,000.00.

4. On February 23, 1990, Eugene S. Henry filed a proof of claim listing an unsecured non-priority claim of $2,000.00 and a secured claim of $3,591.66, secured by a motor vehicle.

5. In their Chapter 13 Plan, Debtors propose to treat Eugene S. Henry as a $3,591.66 secured creditor and as a $2,000.00 unsecured creditor.

6. On Schedule 12(c), Unsecured Debts, Debtors list an Educational Loan Servicing student loan of $2,100.00, a Kirkwood Community College student loan of $600.00, and a UNIPAC Service Corp. student loan of $4,500.00. Total unsecured debts listed on Schedule 12(c) are $21,592.00.

7. In their Chapter 13 plan, Debtors create two classes of unsecured creditors: Class A student loans, which are to be paid 40 percent according to the plan, and Class B general unsecured creditors, which are to be paid 8 percent.

8. On March 26, 1990, Credit Union filed an objection to the Chapter 13 plan, objecting to Debtors' separate classification of the student loans and Debtors' proposed payment to Eugene S. Henry under the plan.

9. Credit Union has not filed an objection to the Eugene S. Henry proof of claim. No other party in interest has filed an objection to the Eugene S. Henry proof of claim.

### DISCUSSION

#### I. Payment to Eugene S. Henry

■ 11 U.S.C. § 502(a) provides in pertinent part:

(a) A claim or interest, proof of which is filed under § 501 of this title, is deemed allowed, unless a party in interest ... objects.

Fed.R.Bankr.P. 3007 provides in pertinent part:

An objection to the allowance of a claim shall be in writing and filed with the court. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor-in-possession and the trustee at least 30 days prior to the hearing.

In the matter *sub judice*, Credit Union objects to Debtors' proposed payment to Eugene S. Henry under the Plan. Eugene S. Henry filed a proof of claim in compliance with 11 U.S.C. § 501 on February 23, 1990, listing a secured claim of $3,591.66, and an unsecured non-priority claim of $2,000.00. No party in interest has objected to the Eugene S. Henry claim in compliance with Fed.R.Bankr.P. 3007. Therefore, pursuant to 11 U.S.C. § 502, the Eugene S. Henry claim is deemed allowed. Debtors' Chapter 13 plan proposes to treat the Eugene S. Henry claim as described in the Eugene S. Henry proof of claim. The Credit Union objection to Debtors' treatment of the Eugene S. Henry claim is overruled.

#### II. Separate Classification for Student Loans

■ 11 U.S.C. § 1322(a)(3) provides that "a plan shall—if the plan classifies claims, provide the same treatment for each claim within a particular class." Subject to 11 U.S.C. § 1322(a), the plan may "designate a class or classes of unsecured claims ... but may not discriminate unfair-

ly against any class so designated." 11 U.S.C. § 1322(b)(1). The Court must consider four factors in determining whether a particular classification is fair: 1) whether the discrimination has a reasonable basis; 2) whether the debtor can carry out a plan without such discrimination; 3) whether such classification is proposed in good faith; and 4) the treatment of the class discriminated against. *In the Matter of Harris,* —— B.R. —— slip op. No. 88–1927–D (Bankr.S.D.Iowa April 19, 1989); *In re Davidson,* 72 B.R. 384 (Bankr.D.Colo.1987). The fact that an educational loan may be nondischargeable in Chapter 7 does not justify different treatment of that loan from obligations due other unsecured creditors for purposes of a debtor's Chapter 13 plan. *In re Furlow,* 70 B.R. 973 (Bankr.E.D.Pa. 1987); *In re Lawson,* 93 B.R. 979 (Bankr. N.D.Ill.1988).

■ In their Chapter 13 plan, Debtors create two classes of unsecured creditors: Class A student loans, which are to be paid 40 percent according to the plan, and Class B general unsecured creditors, which are to be paid 8 percent. Debtors have not shown that this classification is fair under the *Harris* test, and the Court finds that Debtors' proposed classification discriminates unfairly against non-student loan unsecured creditors. Credit Union's objection to the separate classification of student loans under Debtors' Chapter 13 plan is sustained.

### ORDER

IT IS ACCORDINGLY ORDERED that confirmation of Debtors' Chapter 13 plan is denied.