In the Matter of Frederick A. FOREMAN, Debtor.

**Bankruptcy No. 91–1026–D.**

United States Bankruptcy Court, S.D. Iowa.

Jan. 13, 1992.

Bruce A. Buckrop, Rock Island, Ill., for debtor.

Joe W. Warford, Des Moines, Iowa, Chapter 13 Trustee.

Terry L. Gibson, Des Moines, Iowa, Asst. U.S. Trustee.

## ORDER GRANTING CONFIRMATION OF PLAN AND DENYING MOTION TO DISMISS

RUSSELL J. HILL, Bankruptcy Judge.

Debtor Frederick A. Foreman filed a Chapter 13 petition and plan on April 10, 1991. On May 3, 1991, the trustee filed an objection to confirmation. On May 9, 1991, the U.S. Trustee filed an objection to the debtor's plan. It is contended the concurrent payment of the student loan obligations with the secured claim, prior to payment of the remaining unsecured claims, constitutes unfair discrimination in the classification and treatment of unsecured creditors under 11 U.S.C. § 1322(b)(1).

The trustee filed a Motion to Dismiss on July 3, 1991. The motion asserted the debtor had failed to appear at a rescheduled § 341 meeting of creditors.

The debtor filed a Memorandum in Support of Confirmation on July 17, 1991. A hearing on the trustee's motion to dismiss and plan confirmation and the objections thereto was held on July 17, 1991. Present for the hearing were the debtor's attorney, Michael A. Williams, trustee Joe W. Warford, and John Waters, attorney for the U.S. Trustee. The case was taken under advisement and the court ordered the filing of a responsive brief by the U.S. Trustee by August 2, 1991. The U.S. Trustee timely filed its response on July 31, 1991.

The court has jurisdiction of this matter, 28 U.S.C. §§ 1334, 157(a), and considers it fully submitted. This is a core proceeding, 28 U.S.C. § 157(b)(2)(L), and the court now enters its findings and conclusions.

## FINDINGS

1) The debtor has proposed a 60–month plan in which he shall pay to the trustee the sum of $45 weekly.

2) The debtor has scheduled only one secured creditor, Tri State Comm. Credit. The collateral for this debt is the debtor's 1981 Jeep.

3) The debtor has scheduled $5,150 in unsecured debts, $4,669 of which was incurred for student loans.

4) Although the debtor's Chapter 13 statement indicates no co-signers were liable for any of his scheduled debts, his Chapter 13 plan distinguishes between his unsecured co-signed student loan debt and his other unsecured debt.

5) The debtor's plan provides for concurrent payment of his secured debt and his unsecured student loan obligations. After these debts are repaid in full, the debtor proposes to pay 100% of the remaining unsecured claims.

6) A copy of the trustee's minutes in the court file indicates the debtor was present for a continued 341 meeting held on August 28, 1991.

## CONCLUSIONS

At issue is whether a debtor's plan, which proposes to pay 100% of the unsecured debts, may provide that student loan debts be paid concurrently with secured obligations and prior to repayment of the remaining unsecured debts. The relevant statutory provisions include—

11 U.S.C.S. § 1322. Contents of plan

.    .    .    .

(b) Subject to subsections (a) and (c) of this section, the plan may—
(1) designate a class or classes of unsecured claims, as provided in section 1122 of this title [11 USCS § 1122], but may not discriminate unfairly against any class so designated; however, such plan may treat claims for a consumer debt of the debtor if an individual is liable on such consumer debt with the debtor differently than other unsecured claims.

.    .    .    .    .

(4) provide for payments on any unsecured claim to be made concurrently with payments on any secured claim or any other unsecured claim.

■ Section 1322(b)(1) allows a plan to designate a class or classes of unsecured claims, as provided in 11 U.S.C. section 1122, but a plan may not discriminate unfairly against any class so designated. *In re Leser*, 939 F.2d 669, 671 (8th Cir.1991). Nothing prohibits a debtor from placing unsecured claims in separate classes in a Chapter 13 plan as long as the classification complies with section 1122 of the Code and does not result in unfair discrimination between the claims grouped separately. *Id.* While the debtor's unsecured student loan obligations are arguably "substantially similar" to his remaining unsecured debts, section 1122 "does not prohibit the placement of substantially similar claims in different classes." *Id.* (quoting *Hanson v. First Bank of South Dakota, N.A.*, 828 F.2d 1310, 1313 (8th Cir.1987)). Thus, the separate classification of the debtor's student loan obligations does not violate section 1122.

■ Turning to the second requirement of section 1322(b)(1), the court must determine whether the placement of the student loan debts in a separate class unfairly discriminates against other unsecured claims. "[B]y allowing for separate classes of unsecured claims, Congress anticipated some discrimination, otherwise separate classes would have no significance. It is only unfair discrimination that is prohibited." *Id.* at 671–72 (quoting *In re Storberg*, 94 B.R. 144, 146 (Bankr.D.Minn.1988)).

■ The court considers four factors in determining whether the treatment of a class designated under § 1322(b)(1) is fair: (1) whether the discrimination has a reasonable basis; (2) whether the debtor can carry out a plan without such discrimination; (3) whether such classification is proposed in good faith; and (4) the treatment of the class discriminated against. *Matter of Tucker*, 130 B.R. 71, 73 (Bankr.S.D.Iowa 1991); *Matter of Cronk*, 131 B.R. 710, 712 (Bankr.S.D.Iowa 1990); *Matter of Harris* 132 B.R. 166, 170 (Bankr.S.D.Iowa 1989); *see also, Leser*, 939 F.2d at 672. The burden is on the debtor to establish that the classifications are not discriminatory. *In re Lawson*, 93 B.R. 979, 984 (Bankr.N.D.Ill. 1988).

The court has reviewed the debtor's plan and concludes that under the circumstances

of this case it does not discriminate unfairly. The debtor has chosen to separately classify the unsecured student loan obligations from other unsecured debts and intends to pay his student loan obligations concurrently with his secured claims. The classification does not discriminate unfairly because: 1) the plan provides for a 100% repayment of all unsecured claims; 2) the student loan obligations are non-dischargeable; and 3) the debtor has the right under § 1322(b)(4) to provide for payments on any unsecured claim to be made concurrently with payments on any secured claim. It is the combination of these factors which persuades this court that the plan classification does not unfairly discriminate.[1]

While the proposed plan's classification and order of payment do not discriminate unfairly, the court is aware of the additional burden the plan places on the remaining unsecured creditors. They bear the risk that the plan will fail and they will have received proportionately less than the unsecured lenders who were paid first because they held student loan claims. Even if the plan is successfully completed, the remaining unsecured creditors will have been paid after payment of the unsecured student loan debts and will have received less "present value" because of the delay in repayment. In light of these risks borne by the remaining unsecured creditors, the court cautions the debtor that absent a substantial change in the debtor's financial circumstances, any future decision to convert or refile this case under Chapter 7 will result in careful court scrutiny and an assessment of whether the conversion or refiling constitutes a "substantial abuse" of the Bankruptcy Code. Section 707(b).

IT IS HEREBY ORDERED that: 1) the objections are overruled and the plan is confirmed; and 2) the trustee's motion to dismiss is denied.

---

**1.** The court notes that the Code provides for the separate classification and different treatment of consumer debt for which there is a co-signer, § 1322(b)(1), and an argument could be made that educational loans constitute a consumer debt. *See* § 101(8). However, the debtor has not raised this argument and the court does not rely on it or address its merit in rendering its ruling.