**In re Eric Jon HUSTED, Debtor.**

**Bankruptcy No. 92–20415.**

United States Bankruptcy Court,
W.D. New York.

June 5, 1992.

Richard D'Amanda, Rochester, N.Y., for debtor.

George M. Reiber, Chapter 13 Trustee, Rochester, N.Y.

### MEMORANDUM AND OPINION

JOHN C. NINFO, II, Bankruptcy Judge.

■ This case is before the court for confirmation of the Debtor's modified Chapter 13 plan which: (1) pursuant to 11 U.S.C. § 1322(b)(1) separately classifies a delinquent child support claim and the Debtor's other unsecured claims; (2) proposes to pay the child support claim in full

and the other unsecured creditors 25% of their allowed claims; and (3) extends the plan for a full five years. There were no objections by any creditors or the Chapter 13 trustee to the confirmation of the Debtor's modified plan. However, the Court has the authority and duty to examine a plan even when there are no objections to its confirmation to insure that the requirements of 11 U.S.C. § 1325 have been complied with. *Matter of Chaffin,* 836 F.2d 215, 216 (5th Cir.1988); *In re Lawson,* 93 B.R. 979, 981 (Bankr.N.D.Ill.1988). Even though the Chapter 13 trustee did not object to confirmation of the Debtor's modified plan, he did request that the Court issue a written decision if it decided to confirm the modified plan, since separate classification of other than co-debtor claims had not been previously allowed by now retired Bankruptcy Judge Edward D. Hayes.

## BACKGROUND

On February 18, 1992 the debtor, Eric Jon Husted (the "Debtor"), filed a voluntary petition initiating a Chapter 13 case. In his schedule of liabilities, the Debtor lists a $1,100 liability to his former spouse for delinquent child support payments. The schedules also indicate that the Debtor has secured debt of $1,400, priority unsecured debt of $2,106 and general unsecured debt of $3,139, not including the child support arrears. The plan separately classifies the delinquent child support claim from the other general unsecured claims and proposes 60 monthly payments of $140 which would provide for the child support claim to be paid in full and all other unsecured creditors to receive 25% of their claims. If the plan had provided for the use of all of the Debtor's disposable income over a three year term, all unsecured creditors, including the child support claim, would have received 17%.

## DISCUSSION

The whole purpose behind Chapter 13 is to enable the individual "to develop and perform a plan for the repayment of his debts." H.R.Rep. 95–595 at 118, U.S.Code

Cong. & Admin.News 1978 pp. 5787, 6079; *Matter of Brown,* 7 B.R. 529, 531 (Bankr. S.D.N.Y.1980).

The Bankruptcy Code allows a debtor to separately classify claims in a Chapter 13 plan and to treat the separate classes differently to enable a debtor to successfully perform under a plan the provisions of which are believed to be necessary to the debtor's overall rehabilitation. *In re Lawson,* 93 B.R. 979, 984 (Bankr. N.D.Ill.1988). Section 1322(b)(1) provides that pursuant to subsections (a) and (c) "the plan may—(1) designate a class or classes of unsecured claims, as provided in section 1122 of this title, but may not *discriminate unfairly* against any class so designated ..." (emphasis added). Section 1122(a) states that subject to subsection (b) "a plan may place a claim or an interest in a particular class only if such claim or interest is substantially similar to other claims or interests of such class." In addition, Section 1322(a)(3) requires that if claims are classified by a plan, each claim within a particular class must be treated the same.

By allowing separate classification of debts, Congress acknowledged that it understood that some debtors, to insure their interest in completing the plan, obtaining a fresh start or maintaining a decent quality of life, would have a need to pay certain debts in full while other creditors received a pro rata share. Payment of only a part of these debts would prevent the accomplishment of these stated goals and thus hinder the Debtor's overall rehabilitation.

> The inability to retain the services of the doctor currently providing critical health care could lead to ineffective treatment, devastating the debtor's family and possibly rendering performance under the plan impossible; criminal prosecution for negotiating a non-sufficient funds check could have the same impact; failure to pay child support arrearages, since the debt is not dischargeable in Chapter 13 (pursuant to Section 1328(a)(2)) could leave the debtor at the completion of his plan still substantially in debt.

*In re Lawson*, 93 B.R. at 984. Therefore, certain classifications were anticipated by Congress, such as co-debtors[1], child support arrears, medical debts, and criminal restitution. Numerous courts have allowed separate classification under a Chapter 13 plan for debts that would otherwise be non-dischargeable under 11 U.S.C. § 523 or under 11 U.S.C. § 1328(a)(2) such as child support or student loan obligations. *Matter of Foreman*, 136 B.R. 532 (Bankr. S.D.Iowa 1992) (student loan); *Matter of Curtis*, 2 B.R. 43 (Bankr.W.D.Mo.1979) (child support); *In re Storberg*, 94 B.R. 144 (Bankr.D.Minn.1988) (child support); *In re Whittaker*, 113 B.R. 531 (Bankr.D.Minn. 1990) (child support); *In re Freshley*, 69 B.R. 96 (Bankr.N.D.Ga.1987) (student loan). However, fewer courts have allowed a separate classification for debts which may hinder the debtor in his overall rehabilitation, such as debts to doctors or local creditors who might not service the debtor after completion of their Chapter 13 plan. *In re Sutherland*, 3 B.R. 420 (Bankr.W.D.Ark. 1980) (allowed separate classes for medical debts and credit accounts); *In re Hill*, 4 B.R. 694 (Bankr.D.Kan.1980) (allowed separate classes for doctors, dentists, hospitals); *In re Terry*, 78 B.R. 171 (Bankr. E.D.Tenn.1987) (allowed separate classification for small debts).

■ In assessing whether a classification is unfairly discriminatory under Section 1322(b)(1), and thus whether separate classification should be disallowed, courts have generally considered four factors:

(1) Whether there is a rational basis for the classification;

(2) Whether the classification is necessary to the debtor's rehabilitation under Chapter 13;

(3) Whether the discriminatory classification is proposed in good faith;

(4) Whether there is a meaningful payment to the class discriminated against.

*In re Kovich*, 4 B.R. 403 (Bankr.W.D.Mich. 1980); *In re Dziedzic*, 9 B.R. 424 (Bankr. S.D.Tex.1981); *In re Harris*, 62 B.R. 391 (Bankr.E.D.Mich.1986); *In re Davidson*, 72 B.R. 384, 386–387 (Bankr.D.Colo.1987); *In re Lawson*, 93 B.R. 979, 982 (Bankr.N.D.Ill. 1988); *Mickelson v. Leser (In re Leser)*, 939 F.2d 669, 672 (8th Cir.1991); *In re Saulter*, 133 B.R. 148, 149 (Bankr.W.D.Mo. 1991).

In addition, this Court believes that a fifth factor should be considered as stated by the Bankruptcy Court in the case of *In re Moore*, 31 B.R. 12, 17 (Bankr.D.S.C. 1983):

(5) The difference between what the creditors discriminated against will receive as the plan is proposed, and the amount they would receive if there was no separate classification.

Unfortunately, the court decisions applying the above four-part test have not been consistent due to the difficulty in applying these factors when assessing the fairness of the discriminatory classification. *In re Lawson*, 93 B.R. at 982.

■ Because of the uncertainty in application of this four-part test this Court is prepared, in the absence of a showing of bad faith or specific valid objections by creditors or the Trustee[2], to confirm Chapter 13 plans which propose to separately classify unsecured claims and provide different treatment for the separate classes when it is clearly demonstrated that:

(1) there is a good faith rational basis for the separate classification necessary for the Debtor's overall rehabilitation, especially if the debts being separately classified would otherwise be non-dis-

---

1. Under the 1984 amendments, Section 1322(b)(1) was amended to permit any co-debtor debt to be treated differently.

2. For example, as to any given plan creditors may contend that because of the term of the plan or the actual distribution of payments, on a present value basis part (2) of the test has not been met.

The absence of objections to confirmation of a plan is a relevant consideration, since it may lend equity to the debtor's position or indicate that a creditor accepts a plan as honestly filed. *Matter of Chaffin*, 836 F.2d 215, 216 (5th Cir. 1988).

chargeable under Sections 523 or 1328; and

(2) the class being discriminated against is receiving a meaningful distribution which is greater than would be received in a Chapter 7 liquidation and than would be received under a three-year single unsecured class plan where all of the Debtor's disposable income was devoted to the plan.

The separate classification of non-dischargeable debts, when they are the ones in the separate class, will enable the debtor to meet Congress' clear policy of having these claims paid in full, and will allow the debtor to obtain a true "fresh start," since the Debtor will be completely free of his prior obligations after the plan is completed.

The fact that separately classified creditors receive more than other unsecured creditors, certainly is a form of discrimination, but it is not necessarily unfair. Such classifications may not be unfair in some cases because if they are not allowed, the Debtor might be forced to file under Chapter 7 and the unsecured creditors may receive nothing. *In re Kovich*, 4 B.R. 403, 407 (Bankr.W.D.Mich.1980). In addition, under this Court's "test" the discrimination will not unfairly prejudice other creditors since they will receive at least what they would receive in a Chapter 7 liquidation, as required by 11 U.S.C. § 1325(a)(4), and more than what they would receive if there was a single unsecured class under a three year plan using all of the debtor's disposable income.

This simplified "test" meets all of the factors which have been used by other courts to analyze "unfair discrimination." In this case, the Debtor's proposed modified plan satisfies the simplified "test" in that: (1) The separate classification of a non-dischargeable debt has a rational basis; (2) is necessary to the Debtor's overall rehabilitation, since he desires to pay the child support arrears during his plan, and it will allow him to be free from all debts once he completes the plan; (3) the classification is proposed in good faith; there is no evidence nor any objections before the Court that would lead the Court to believe the plan is not; (4) there is a meaningful 25% distribution to unsecured creditors in the class being discriminated against which is more than they would receive in a Chapter 7 liquidation case (25% versus 0%); and (5) more than they would receive under a three-year plan where all of the Debtor's disposable income was devoted to the plan and the unsecured creditors were treated in one class (25% versus 17%).

### CONCLUSION

The Court finds that all of the requirements of 11 U.S.C. § 1325 for confirmation of the Debtor's modified plan have been met, and that in accordance with 11 U.S.C. § 1323(c) there is cause for and the Court approves the term of the plan to be for five years. The Debtor's modified plan is confirmed.

IT IS SO ORDERED.