**In re Danny STRICKLAND and Judith A. Strickland, Debtors.**

**Bankruptcy No. 95–80165.**

United States Bankruptcy Court, N.D. Alabama, Northern Division.

April 6, 1995.

---

Mary Richards, Bonds, Botes, Syskus & Larsen, Huntsville, AL, for debtors.

Brent A. King, Trimmier & Associates, Decatur, AL, for Credit Union.

### ORDER

JACK CADDELL, Bankruptcy Judge.

This matter is before the Court on an objection to confirmation filed by Huntsville Teachers Credit Union (credit union). The

Credit Union objects to the debtors' plan because it proposes to subclass and pay in full a student loan, which is otherwise unsecured, while paying the general unsecured creditors practically nothing. At the hearing on March 27, 1995, the parties informed the Court that the matter was settled because the debtor also agreed to subclass and pay in full the debt owed to the Credit Union. This Court cannot approve the settlement agreement, and the objection to confirmation is due to be sustained.

The majority of courts that have addressed the issue of treating nondischargeable student loans differently from other unsecured creditors have held that student loan debts may not be separately classified in Chapter 13 cases and treated more favorable than other unsecured claims. In *In re Groves*, 39 F.3d 212 (8th Cir.1994); *In re Smalberger*, 170 B.R. 707 (D.Or.1994); *In re Eiland*, 170 B.R. 370 (Bankr.N.D.Ill.1994).

While these cases represent the majority of cases, other courts have found some separate and more favorable classifications of student loans permissible. *In re Dodds*, 140 B.R. 542 (Bankr.D.Mont.1992) (student loan paid in full outside plan while other unsecured creditors received 80% of their claims.) *In re Foreman*, 136 B.R. 532 (Bkrtcy.S.D. Iowa 1992) (secured claims and nondischargeable claims paid concurrently.)

Another mechanism that provides a favorable treatment of student loans is § 1325(b)(1)(B) i.e., the disposable income test. In *In re Hanson*, Case # 92–3–2483 (Bankr.S.D. Ohio, November 16, 1993), the court allowed the debtors to pay all of their unsecured claims, both dischargeable and nondischargeable, at the same rate during the first three years of the plan. Thereafter, all payments under the plan would be made to the otherwise nondischargeable student loan.

At first glance, this arrangement may seem to discriminate unfairly. But this is not so. A general unsecured creditor has a right to expect no more than three years of the debtor's disposal income being used to fund a plan. Any amount beyond this three year period represents a "good faith" effort by the debtor that is not required by the Code. Since the general unsecured creditor has received all he might have expected to receive normally in a Chapter 13 case, the remaining payments under the plan are not being taken away from the general unsecured creditor. After three years the debtor is not required to pay all of his disposable income into the plan.

This Court finds that this method of classifying nondischargeable debts strikes an appropriate balance between the interest of the general unsecured creditors and the debtor. It will be this Court's policy to allow nondischargeable student loans to be paid as a general unsecured creditor on a pro rata basis for the first 36 months of the plan. The remaining 24 months of the plan may be devoted solely to the payment of the student loan. Of course, each case will have to be considered on its own merit and adjustments may have to be made in order to comply with other provisions of the Code.

It is therefore ORDERED, ADJUDGED AND DECREED that the objection to confirmation filed by the Huntsville Teachers Credit Union be and hereby is SUSTAINED.