In re Wayne K. CRAWFORD, Debtor.

Wayne K. Crawford, Debtor-Appellant,

v.

William A. Chatterton, Chapter 13 Trustee.

No. 01–C–147–C.

United States District Court, W.D. Wisconsin.

July 27, 2001.

---

Catherine Gloeckler, UAW-GM, Legal Services, Janesville, WI, for debtor.

William Chatterton, Madison, WI, Chapter 13 Trustee, pro se.

## OPINION AND ORDER

CRABB, District Judge.

This is an appeal brought pursuant to 28 U.S.C. § 158(a). Debtor Wayne K. Crawford contends that the United States Bankruptcy Court for the Western District of Wisconsin erred when it denied confirmation of his proposed Chapter 13 plan and dismissed his Chapter 13 petition. Debtor contends that the Bankruptcy Code allows a debtor to treat some unsecured claims more favorably than others, so long as the debtor does not discriminate "unfairly" against any class of unsecured claims. 11 U.S.C. §§ 1122 and 1322. Un-

der debtor's proposed plan, his general unsecured non-dischargeable claim for child support assigned to a government entity would be paid before the other unsecured claims. Debtor maintains that the bankruptcy court should have approved this plan, following the lead of other courts that have held that such discrimination between classes of claims is not unfair but rather promotes the public policies of encouraging the payment of child support obligations and giving debtors a fresh start after bankruptcy. I conclude that the bankruptcy court made the correct decision. Congress gives priority status to child support payments owed to spouses, former spouses or children but excludes from priority child support payments made to governments, although both kinds of debt are non-dischargeable. Giving preferential status to child support debts to governments seems to contradict the congressional decision not to give priority to governmental claims for child support and would require other holders of unsecured claims to subsidize the debtor's child support obligation. I am not persuaded that such discrimination between claims is fair. The decision of the bankruptcy court dismissing debtor's Chapter 13 petition will be affirmed.

From the briefs submitted by the parties and the record on appeal, I find the following facts solely for the purpose of deciding debtor's appeal.

## FACTS

On September 17, 2000; debtor Wayne A. Crawford filed a Chapter 13 bankruptcy petition. Debtor's filing included a Chapter 13 plan in which he proposed to pay a small secured claim to Blackhawk Credit Union first, followed by payment in full of the Internal Revenue Service's unsecured priority loans in an amount to be determined by the bankruptcy court. He then proposed placing creditors with general unsecured loans into two tiers, with the first tier consisting of a claim for child support assigned to Rock County, Wisconsin. (Debtor had accumulated $18,208.06 in child support arrears owed to Rock County, Wisconsin for repayment of Aid to Families with Dependent Children expenditures by the county to support his son, Sharom Crawford. Debtor is current on child support payments to Sharom's mother and to the mother of his other child.) The second tier consisted of all remaining general unsecured claims. The proposed plan provided that the trustee make payments to Rock County to the maximum extent plan funding would permit before making payments to the other general unsecured creditors on a prorated basis.

Five proofs of claim were filed with the bankruptcy court prior to the Section 341 meeting of creditors as follows:

(1) a $174.00 secured claim filed by Blackhawk Credit Union;

(2) a $30,263.77 claim filed by the Internal Revenue Service ($10,925.56 as an unsecured priority claim and $19,338.21 as a general unsecured claim);

(3) an $18,208.06 general unsecured claim for assigned child support;

(4) a $141.20 general unsecured claim filed by Beloit Clinic; and

(5) a $367.14 general unsecured claim filed by Alliant Utilities.

After some other skirmishes in the bankruptcy court not relevant to the issue on appeal, the bankruptcy trustee filed objections to debtor's Chapter 13 plan, for two reasons, only one of which is relevant to this appeal. The trustee objected to the plan's provision for separate classification and favored treatment of a non-dischargeable child support obligation assigned to Rock County's child support enforcement department.

On January 22, 2000, the United States Bankruptcy Court for the Western District of Wisconsin held a confirmation hearing, ruling that debtor's plan could not be confirmed as a matter of law because of its treatment of the assigned child support claim. The court dismissed debtor's Chapter 13 bankruptcy, staying the dismissal for fourteen days to allow debtor to amend the plan by eliminating the separate classification for the assigned child support claim. On February 1, 2001, debtor filed an appeal pursuant to 28 U.S.C. § 158(a).

## OPINION

### A. *Standard of Review*

■ Rule 8013 of the Federal Rules of Bankruptcy Procedure states: "On an appeal, the district court ... may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." A bankruptcy court's factual findings are reviewed for clear error; its conclusions of law are reviewed de novo. *In re Thirtyacre*, 36 F.3d 697, 700 (7th Cir.1994). In this case, there are no factual disputes; the question is solely one of legal interpretation.

### B. *Order Dismissing Debtor's Chapter 13 Plan*

Debtor argues that the Bankruptcy Code permits him to classify the child support claim, a general unsecured non-dischargeable claim assigned to a government entity, separately from other general unsecured claims, with the result of treating the child support claim preferentially. He says that when 11 U.S.C. §§ 1322(b)(1) and 1122(a) are read together, they permit separate classification and favored treatment of general unsecured child support claims to government entities over other general unsecured creditors.

■ Debtor is correct in asserting that unsecured claims may be subdivided into separate classes in a Chapter 13 plan. In pertinent part, 11 U.S.C. § 1322 provides that

(a) The plan shall—

(1) provide for the submission of all or such portion of future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan;

(2) provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim; and

(3) if the plan classifies claims, provide the same treatment for each claim within in a particular class.

(b) Subject to subsections (a) and (c) of this section, the plan may—

(1) designate a class or classes of unsecured claims, as provided in section 1122 of this title, but may not discriminate unfairly against any class so designated; however, such plan may treat claims for a consumer debt of the debtor if an individual is liable on such consumer debt with the debtor differently than other unsecured claims. . . .

Subsection (a)(3) of § 1322 provides that when a plan classifies claims, it must give the same treatment to each claim within a particular class. Subsection (b)(1) authorizes debtors to designate more than one class of unsecured claims in accordance with § 1122, which states that "a plan may place a claim or an interest in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class." 11 U.S.C. § 1122(a). Although § 1322(b)(1) provides express authority for differential treatment for consumer debt only, the language suggests that a debtor may elect to treat

some unsecured claims more favorably than other unsecured claims in the debtor's plan so long as the discriminatory treatment of unsecured claims is not "unfair." If a debtor chooses to classify certain unsecured claims separately from other unsecured claims, the burden is on the debtor to prove that the classification does not result in unfair discrimination. *In re Chapman*, 146 B.R. 411, 417 (Bankr. N.D.Ill.1992) (citations omitted).

■ Courts have developed a four-part test to determine the fairness of the classification of unsecured claims: "(1) whether the discrimination has a reasonable basis; (2) whether the debtor can carry out the plan without the discrimination; (3) whether the discrimination is proposed in good faith; and (4) whether the degree of discrimination is directly related to the basis or rationale for the discrimination." *In re Leser*, 939 F.2d 669, 672 (8th Cir.1991); *In re Wolff*, 22 B.R. 510, 512 (9th Cir. BAP 1982). In this case, the Chapter 13 trustee advocates a five-part test to determine unfair discrimination, adding an inquiry into whether the class discriminated against receives meaningful payment. *See* Robert E. Ginsberg & Robert D. Martin on Bankruptcy § 15.04[C][2] (1999 Suppl.). However, this factor is used to determine cause for classification rather than unfair discrimination. *Id.* § 15.04[C][3]. I will apply the four-part test.

■ Despite the fact that debtors may choose to create classes of general unsecured claims, the bankruptcy court found in this case that assigned child support claims could not be classified in a preferential manner because doing so would contravene other provisions of the Bankruptcy Code. Under 11 U.S.C. § 507(a)(7)(A), child support claims assigned to government entities do not receive the priority status accorded to child support claims paid directly to a parent or child. At the same time, child support claims assigned to government entities are non-dischargeable in bankruptcy as are child support claims of parents or children. 11 U.S.C. § 523(a)(5)(A). In *In re Parker*, No. 98–B–15184, 1999 WL 1116825, at *4 (Bankr. N.D.Ill. December 7, 1999), the bankruptcy court held that confirming a Chapter 13 plan that gives priority status to assigned child support debt would require reading § 507(a)(7) out of the Bankruptcy Code.

In this case, the bankruptcy court adopted the reasoning in *Parker*, concluding that assigned child support obligations cannot be classified more favorably than other general unsecured claims. On appeal, debtor asserts that separate classification and favored treatment of assigned child support claims under § 1322(b)(1) do not contravene § 507(a)(7)(A). Debtor reads § 1322 as allowing him to create classes of unsecured claims and treat them differently without giving priority status to the favorably treated claims. He argues that not allowing classes of unsecured claims would read § 1322(b)(1) out of the Bankruptcy Code if no discrimination among classes of claims is permissible even if it is fair.

The law in the Seventh Circuit is unsettled on the question whether separate and more favorable treatment of unsecured general claims for child support assigned to a government entity discriminates unfairly against other general unsecured claims. The courts that have addressed the issue are divided into two camps: those that focus on the effect that the discrimination would have on the unsecured creditors receiving less favorable treatment and those that focus on the public policy of allowing debtors a fresh financial start and providing support for children. *See, e.g., Local Loan Co. v. Hunt*, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230

(1934) (fresh start of debtor is primary purpose of Bankruptcy Code).

Debtor asserts that his two-tiered classification of general unsecured claims does not discriminate unfairly. For this proposition, debtor relies heavily on the only circuit court case to have decided the issue, *In re Leser*, 939 F.2d 669 (8th Cir. 1991). In *Leser*, the debtor's Chapter 13 bankruptcy plan provided for separate classification and treatment of unsecured claims for non-dischargeable child support arrearage that had been assigned to county collection departments. *Id.* at 670. Under the plan, the counties were to receive full payment of their claims and the remaining general unsecured creditors would receive 8% of their claims on a pro rata basis. *Id.* The Court of Appeals for the Eighth Circuit noted that the bankruptcy court had not applied each part of the four-part test explicitly but had relied instead on one of its former decisions emphasizing the strong public policy in favor of providing child support. In addition, the court of appeals distinguished between the claims by the county collection departments and other unsecured claims; because the child support claims were non-dischargeable, the court found that differential classification was justified. *Id.* at 672. The court upheld the bankruptcy and district courts' confirmation of the plan, finding that the separate and favorable treatment of the child support claims did not constitute unfair discrimination against the remaining general unsecured claims. *Id.* at 673. A number of district and bankruptcy courts have adopted the reasoning of the court in *Leser*. *See, e.g., In re Gonzales*, 172 B.R. 320 (E.D.Wash.1994) (no unfair discrimination where assigned child support arrearage classified separately, relying on non-dischargeability of debt, society's interest in having child support paid in full and debtor's interest in fresh start); *In re Husted*, 142 B.R. 72

(Bankr.W.D.N.Y.1992) (plan providing for 100% payment of past-due child support and 25% payment to other unsecured creditors not unfair, relying on absence of objections to confirmation of plan).

In this case, the bankruptcy court rejected the reasoning in *Leser*, 939 F.2d 669, and adopted the reasoning in *In re Parker*, 1999 WL 1116825, following the line of cases that focuses on the disparate treatment received by unsecured claims not in the favored class. *See, e.g., In re Burns*, 216 B.R. 945 (Bankr.S.D.Cal.1998) (rejecting plan to pay 100% of past due child support claim and 0% of other general unsecured claims despite potential incarceration for failure to make payments); *In re Chapman*, 146 B.R. 411 (Bankr.N.D.Ill. 1992) (chapter 13 plan discriminated unfairly between non-dischargeable student loan debt and other unsecured debt); *In re Stewart*, 52 B.R. 281 (Bankr.W.D.N.Y. 1985) (not confirming plan treating unsecured child support claim more favorably than other unsecured claims). Like the bankruptcy court, I find the reasoning in this line of cases more persuasive.

In *Parker*, 1999 WL 1116825, at *4, the bankruptcy court determined that no sufficiently reasonable basis existed for discriminating between a non-dischargeable child support claim assigned to the Illinois Department of Public Aid and other general dischargeable debt. This classification discriminated unfairly against the holders of dischargeable claims because it had the effect of requiring them to pay the debtor's non-dischargeable debts. *Id.* at *3. After discussing cases in which child support claims were treated more favorably than other unsecured claims, the court noted that, "It is hard to see why a claim that is clearly not entitled to priority status should nevertheless be treated as if it were something it is not." *Id.* at *4. In addition to its discomfort with affording preferen-

tial treatment to assigned child support claims, the court noted that other courts have found that non-dischargeability is not a reasonable basis for discrimination between classes of claims. *See Burns,* 216 B.R. 945; *Chapman,* 146 B.R. 411. In *Chapman,* 146 B.R. at 417, the court applied the four-part test for determining unfair discrimination, concluding that "there was no reasonable basis for the debtor to discriminate against the general unsecured claims class by paying the student loan class in full while paying the general unsecured claims class only ten percent." The court noted that this structure benefited only the debtor at the expense of the creditors, ignoring the need to balance the debtor's need for a fresh start against the creditors' right to fair treatment. *Id.* at 420. The remaining three parts of the test did not change the court's conclusion: the proposed discrimination did not affect the feasibility of the plan, there was no evidence that the proposal was not made in good faith and the proposed discrimination was related directly to the reason underlying the discrimination (the debtor's desire to start fresh by emerging from his Chapter 13 case free from debt). *Id.*

■ As in *Chapman* and *Parker,* in this case the debtor's proposed plan discriminates unfairly against the remaining general unsecured claims. As to the first factor of the four-part test, the classification and discriminatory treatment lack a reasonable basis. Under debtor's proposed plan, he would pay all but the accumulated interest on the first tier child support claim and 3½% to 6% of his debts on second tier general unsecured claims. If debtor's plan is not confirmed, debtor will pay 32% of all general unsecured claims. The fact of non-dischargeability alone does not justify discriminatory treatment. *Chapman,* 146 B.R. at 417–418;

*Burns,* 216 B.R. at 947. This leads to the only other distinguishing characteristic of the assigned child support claim: it is not for consumer debt but for the support of a child.

Debt for child support carries with it public policy considerations in favor of supporting children and paying for that support in full. *See e.g., Leser,* 939 F.2d 669; *In re Gonzales,* 172 B.R. 320; *In re Husted,* 142 B.R. at 73. Because debtor's assigned child support claim is for arrears rather than for current support, however, these public policy considerations do not tip the scales in favor of debtor in this case. First, debtor's child will continue to be supported regardless which plan is confirmed. He has already received the support at issue through the Aid to Families with Dependent Children program and debtor is current on payments made directly to the custodial parent; classifying the child support claim more favorably than other general unsecured debts will not increase support for the child. Under any configuration of debtor's Chapter 13 plan, funds for current child support are excluded from the amount available to creditors. Second, the public policy in favor of paying for child support in full would not be hampered by not confirming debtor's plan. Regardless whether his proposed plan is confirmed, debtor will remain liable to Rock County until the obligation is paid off in full. Not confirming debtor's plan would extend the length of time necessary for debtor to complete his payments but it would not change the fact that the debt is non-dischargeable. I am not persuaded by the public policy concerns expressed in *Leser,* 939 F.2d 669, that debtor should be allowed to treat assigned child support claims more favorably than other general unsecured claims. Instead, I find that there is no reasonable basis for the classification.

Because debtor has failed to demonstrate that he meets the first element of the inquiry, he cannot establish that his proposed classification does not discriminate unfairly against the general unsecured claims. Nevertheless, for the sake of completeness, it is worth noting that debtor fails to meet the second part of the test. Under this factor, debtor must show that the classification and discrimination are necessary for completion of the plan. The facts on record show that debtor is paying all of his disposable income into the plan. It follows that he should be able to make the payments required by the Chapter 13 plan with or without the two-tiered classification. Although debtor will emerge from completion of the plan with a smaller debt if his plan is confirmed, the proposed discrimination does not affect his ability to carry out the plan and, therefore, is not necessary for completion of the plan.

■ Under the third part of the test, debtor must show that the discrimination is proposed in good faith. There is no evidence that debtor either incurred his debt with the intention of filing Chapter 13 bankruptcy or proposed the discrimination on frivolous grounds. *Chapman,* 146 B.R. at 420. Debtor has demonstrated that the classification is proposed in good faith. Under the fourth and final element, the proposed discrimination must be related directly to the rationale for the discrimination. Not surprisingly, the goal of the two-tiered classification is to allow debtor to emerge from Chapter 13 bankruptcy with as little debt as possible. The proposed discrimination is tied directly to this goal; by directing more available funding to the child support claim and less to the remaining general unsecured claims, debtor will have paid off more of the non-dischargeable debt by the time his proposed plan is completed. Debtor has shown that the proposed discrimination is related directly to the reason underlying the discrimination.

Although debtor has demonstrated that he satisfies two parts of the four-part test, he must satisfy each of the factors. *Burns,* 216 B.R. at 948. He has failed to do so. Accordingly, I find that the proposed favorable treatment of the assigned child support claim discriminates unfairly against the remaining general unsecured claims. Reviewing the bankruptcy court's determination of this question of law de novo, I am persuaded that the bankruptcy court did not err when it denied confirmation of debtor's Chapter 13 plan.

## ORDER

IT IS ORDERED that the decision of the United States Bankruptcy Court for the Western District of Wisconsin denying confirmation of the proposed Chapter 13 plan of debtor Wayne K. Crawford and dismissing his Chapter 13 petition is AFFIRMED.