### In re Richard Nelson HAAG, Judith Ann Haag, Debtor(s).

### Bankruptcy No. 380–00202.

United States Bankruptcy Court, D. Oregon.

May 1, 1980.

Robert W. Myers, trustee.

Eugene I. Fulop, Portland, Or., for debtor.

## MEMORANDUM OPINION

HENRY L. HESS, Jr., Bankruptcy Judge.

In this chapter 13 case the debtors have filed a "Modification of Chapter 13 Plan" which supercedes the plan first filed. At the adjourned hearing on confirmation an unsecured creditor, Nick Obritschkewitsch, appeared by his attorney, Charles Markley, and objected to confirmation of the modified plan. The debtors appeared by their attorney, Eugene Fulop. The proceedings were reported by Joyce Zaro.

The modified plan provides that the debtors will pay to the trustee 36 monthly payments of $217 each or a total of $7,812. From this sum shall be paid $800 in arrearages under the contract for the purchase of the home of the debtors and $800 upon allowed secured claims. The balance is to be pro-rated upon the unsecured claims, including the unsecured portion of those debts owing to the two secured creditors. After deducting the trustee's compensation and expenses this will provide dividends to unsecured creditors of approximately 25% of their claims. The modified plan also provides that the debtors will make the monthly payments coming due upon the contract upon the purchase of the home outside the plan. It also provides that the order of the state court requiring withholding the husband's child support obligation from his wages in favor of the Oregon Department of Human Resources and Joan N. Howe, his former wife, be allowed to continue and that such obligation be paid in full outside the plan. This order provides for payments of $210 per month, $75 which is for current child support and $126 for payment upon arrearages of approximately $4,000. The creditor, Obritschkewitsch, objects to confirmation of the modified plan because of the last mentioned provision regarding past due child support. No other objection to confirmation has been asserted.

By providing that payment of past due child support shall be made outside the plan, the debtors have, in effect, provided two separate classes of unsecured claims. One class will consist of claims for child support and the other class will consist of all other general unsecured claims.

11 U.S.C. § 1322(b)(1) provides that a plan may designate a class or classes of unsecured claims as provided in § 1122, but may not discriminate unfairly against any class so designated. The question here presented is whether dividing the creditors into classes so as to provide for payment of 100% upon a claim for past due child support and only 25% on all other unsecured claims constitutes unfair discrimination.

In a liquidation case no priority in distribution is given to past due child support under § 726. Nor is any priority given to such a claim under § 507 which by § 103(a) is made applicable to a case under chapter 13.

 11 U.S.C. § 523 provides a number of types of debts which are not dischargeable. Subsection (a)(5) of that section provides that a debt for child support is not dischargeable. § 1328 provides that when the debtor has completed the payments called for by his plan he shall receive a discharge of all debts provided for by the plan except any debts of the kind specified in § 523(a)(5). Thus, the only debts which are not dischargeable in a chapter 7 liquidation case which are also not dischargeable in a chapter 13 case are debts for alimony or child support.

Distinctions can be drawn between a debt for child support and other debts in addition to the matter of dischargeability. A debt for child support is one which, although it may have a basis in contract, also represents an obligation which the law imposes in any event. The obligation is one which can be enforced through contempt proceedings and the violation of which can result in criminal proceedings. § 362(b)(2) provides that the automatic stay is not applicable to the collection of child support from property that is not property of the estate.

 In this case had the debtor sought relief under chapter 7 rather than chapter 13 there would have been no distribution to unsecured creditors. The debtors could then have applied that portion of the future income which the plan provides will be paid to the trustee toward earlier retirement of the past due child support obligation. Whereas in a liquidation case the creditors would receive nothing, under the debtors' plan they will receive approximately 25% of their claim. There is no indication that any of the debts listed in the debtors' statement would not be dischargeable in a chapter 7 case except the obligation for past due child support. Therefore, the debtors in a chapter 7 liquidation could obtain the same relief as in this chapter 13 case without obligating any of their future income toward payment of the claims of general unsecured creditors.

In this case I find that there is a rational basis for discrimination between the claim for past due child support and the other unsecured claims and that the division of claims into these two classes does not discriminate unfairly against the general unsecured claims.

It appearing that the other requirements of § 1325 are met by the modified plan, I conclude than an order of confirmation should be entered herein.

This memorandum opinion shall constitute findings and conclusions under Bankruptcy Rule 752.