**In re Jean BOGGAN, Debtor.**

**Bankruptcy No. 90 B 23956.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

April 3, 1991.

Craig Phelps, Chapter 13 Trustee, Chicago, Ill.

Thomas J. Belczak, Greenberg & Associates, Chicago, Ill., for debtor.

## MEMORANDUM OPINION

RONALD S. BARLIANT, Bankruptcy Judge.

This case is before the Court to decide the question of when, in a Chapter 13 case, an education loan can be put into a special class and paid at a higher rate than the other unsecured debts. The Debtor pro-

poses to pay her education loans in full, but only 15% of her other unsecured debts.

In *In re Lawson*, 93 B.R. 979, 988 (Bkrtcy.N.D.Ill.1988), Judge Wedoff explained that the fact that a claim would be nondischargeable in a Chapter 7 case does not make it proper to accord that claim special treatment in a Chapter 13 case. In order for a claim to be accorded special treatment, there must be some showing that the discriminatory classification serves a valid interest of the Debtor.

Recently, Congress amended the Bankruptcy Code so that there are no longer any differences in the dischargeability of education loans between Chapter 7 and Chapter 13 cases. P.L. 101–647 § 3621. For a debtor to discharge a student loan under section 1328(a), the conditions precedent specified in § 523(a)(8) must be met. This means that now the Chapter 13 debtor will nearly always have a valid interest in giving educational loans special treatment because the educational loan creditor will, unless the conditions in § 523(a)(8)(A) or (B) are met, always have recourse against the Debtor. Therefore, it will usually be proper for a Chapter 13 plan to specially classify student loans.

That is not, however, the end of the test for confirmation. Section 1325(a)(4) of the Bankruptcy Code mandates that a plan pass the best interests test, that is, it must give each creditor at least what it would receive as a distribution in a Chapter 7 case. Section 726 requires that all unsecured creditors equally share in the property of the estate whether or not their claims are dischargeable. The holder of a non-dischargeable claim has remedies against the debtor personally and the debtor's post-bankruptcy assets that other creditors do not have. But all unsecured creditors share equally in the property of the bankruptcy estate distributed by the Chapter 7 trustee.

The result is that a Chapter 13 plan may provide for a greater percentage payment to an educational lender than to other unsecured creditors, but not by reducing the payments to those other creditors to a level below what they would get in a Chapter 7 liquidation of the debtor's assets. This necessarily means that the total payments under such a plan will always exceed the total amount necessary to satisfy the best interests test.

In this case, the Standing Trustee has represented that the plan satisfies the best interests test and this Court will, of course, assume that the test was properly applied. Therefore, the plan will be confirmed.