**In the Matter of Charles Edward TUCKER d/b/a Chuck's Auto Service and Linda Kay Tucker, Debtors.**

**Bankruptcy No. 90–2904–D H.**

United States Bankruptcy Court, S.D. Iowa.

July 25, 1991.

**72**

Martha Easter–Wells, Davenport, Iowa, for debtors.

J.W. Warford, Des Moines, Iowa, chapter 13 trustee.

Ellen Kay Curry, Davenport, Iowa, for Mississippi Valley Credit Union.

F. Jack Nathan, Rock Island, Ill., for Beneficial of Illinois Inc.

## ORDER—MOTION TO AMEND CHAPTER 13 PLAN; CONFIRMATION OF AMENDED CHAPTER 13 PLAN

RUSSELL J. HILL, Bankruptcy Judge.

On March 12, 1991, a hearing was held on Debtors' motion to amend their Chapter 13 plan and confirmation of Debtors' amended Chapter 13 plan. The following attorneys appeared on behalf of their respective clients: J.W. Warford as Chapter 13 Trustee; Martha Easter–Wells for Debtors; and Ellen Kay Curry for Mississippi Valley Credit Union ("Credit Union"). At the conclusion of said hearing, the Court took the matter under advisement and the Court considers the matter fully submitted.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L). The Court, upon review of the pleadings, arguments of counsel, briefs submitted and evidence admitted, now enters its findings and conclusions pursuant to Fed.R.Bankr.P. 7052.

### FINDINGS OF FACT

1. On November 9, 1990, Debtors filed for protection under Chapter 13 of the Bankruptcy Code. They filed their Chapter 13 plan with the petition.

2. On February 11, 1991, Debtors filed a motion to amend their Chapter 13 plan.

3. Debtors' amended Chapter 13 plan states that Debtors will pay the Trustee $411.00 per month for the 60–month term of the plan. Debtors' amended Chapter 13 plan further states that Debtors propose to pay unsecured student loan creditors 100 percent of their claims and non-student loan unsecured creditors would be paid nothing. Debtors' amended Chapter 13 plan proposes to pay the secured claim of GMAC valued at $12,085.00 and secured claim of Beneficial valued at $4,055.00 in full. Debtors' amended Chapter 13 plan proposes to pay the Norwest Bank secured claim outside of Debtors' amended Chapter 13 plan.

4. Debtors' Chapter 13 statement indicates that Debtors' student loan unsecured debt totals $5,250.00, while total unsecured debt is $24,665.00.

5. Debtors' Chapter 13 statement lists three assets that are non-exempt and not subject to a security interest, and thus would be available for distribution in a Chapter 7 liquidation:

(a) Five horses, mistakenly listed as six horses on Debtors' Chapter 13 statement. The horses are valued by the Debtors at $4,000.00 on Debtors' Chapter 13 statement. However, since the time that Debtors filed their Chapter 13 petition, Debtors sold four of the horses for $2,600.00. Assuming the fifth horse to be worth the average of the other horses, or $650.00, the total value of the non-exempt horses is $3,250.00.

(b) 1979 Delta 88 Oldsmobile car valued at $800.00 on Debtors' Chapter 13 statement.

(c) 1974 International Scout valued at $400.00 on Debtors' Chapter 13 statement.

The total value of Debtors' non-exempt, non-secured property is thus $4,450.00.

### DISCUSSION

Concerning Debtors' motion to amend their Chapter 13 plan, 11 U.S.C. § 1323(a) provides that a debtor may modify the Chapter 13 plan at any time before confirmation, but may not modify the plan so that the plan as modified fails to meet the requirements of 11 U.S.C. § 1322. Although Chapter 13 Trustee and Credit Union object to the modification, the sub-

stance of their objections concern confirmation of Debtors' amended Chapter 13 plan. Therefore, the Court focuses on the Credit Union and Chapter 13 Trustee objections to confirmation of Debtors' amended Chapter 13 plan.

Chapter 13 Trustee and Credit Union object to confirmation of Debtors' Chapter 13 plan because it does not provide the same treatment for unsecured student loan debts and non-student loan unsecured debts.

■ 11 U.S.C. § 1322(a)(3) provides "[t]he plan shall—if the plan classifies claims, provide the same treatment for each claim within a particular class." Subject to 11 U.S.C. § 1322(a), the plan may "designate a class or classes of unsecured claims ... but may not discriminate unfairly against any class so designated." 11 U.S.C. § 1322(b)(1). The court considers four factors in determining whether the treatment of a class designated under § 1322(b)(1) is fair: (1) whether the discrimination has a reasonable basis; (2) whether the debtor can carry out a plan without such discrimination; (3) whether such classification is proposed in good faith; and (4) the treatment of the class discriminated against. *In re Harris*, No. 88–1927–D, slip op. (Bankr.S.D.Iowa April 19, 1989); *In re Davidson* 72 B.R. 384 (Bankr.D.Colo.1987).

■ At issue in this case is whether the plan's discriminatory treatment of student loan debt has a reasonable basis. This Court has held that the possible nondischargeability of a student loan in a Chapter 7 case does not justify different treatment of that loan from obligations due other unsecured creditors for purposes of a debtor's Chapter 13 plan. *In re Cronk*, No. 90–23–D, slip op. at 4 (Bankr.S.D.Iowa June 14, 1990); *see also In re Lawson*, 93 B.R. 979 (Bankr.N.D.Ill.1988); *In re Furlow*, 70 B.R. 973 (Bankr.E.D.Pa.1987). Subsequent to the *Cronk* decision, Congress amended 11 U.S.C. § 1328(a)(2) to provide that student loans in Chapter 13 cases filed after November 5, 1990, are only dischargeable if the requirements of 11 U.S.C. § 523(a)(8) are met. Student Loan Default Prevention Initiative Act of 1990, Pub.L. No. 101–508, 1990 U.S.Code Cong. & Admin.News (104

Stat.) 1388–28. Debtors' Chapter 13 case was filed November 9, 1990. One might argue that, as a result of the amendment, a debtor's discrimination against non-student loan unsecured creditors will always have a reasonable basis because the debtor's student loan creditors will, unless the conditions in 11 U.S.C. § 523(a)(8) are met, have recourse against debtors. *In re Boggan*, 125 B.R. 533, 534 (Bankr.N.D.Ill.1991). This Court, however, finds that the fact that the requirements of 11 U.S.C. § 523(a)(8) now apply in Chapter 13 does not necessarily give the debtor a reasonable basis for favoring student loan creditors over other unsecured creditors. This Court holds that the Debtor in these circumstances still must show that the discrimination has a reasonable basis beyond the fact that student loan obligations are dischargeable only to the extent allowed by § 523(a)(8).

■ Discriminatory treatment of claims has been allowed under § 1322 by other courts, when the discrimination is related to the debtor's objective interests in completing the plan and obtaining a fresh start or maintaining a decent quality of life. *See In re Lawson*, 93 B.R. 979, 984 (Bankr. N.D.Ill.1988). For example, the court in *Lawson* suggested that discriminatory payments might be allowed to pay a doctor currently providing critical health care, to pay domestic support, or to pay a nonsufficient funds check when nonpayment would result in criminal prosecution. *Id.* Another court found a reasonable basis for treating payment of student loan obligations more favorably when payment was necessary to maintain eligibility to obtain further loans in order to finish school. *Furlow*, 70 B.R. at 976 (citing *In re Freshley*, 69 B.R. 96, 97 (Bankr.N.D.Ga.1987)). The debtor has the burden of persuading the court that a reasonable basis exists for favoring one unsecured claim over another. *Lawson*, 93 B.R. at 985.

■ The Debtors have made no showing that favorable treatment of the student loan payments is necessary. Nor does the record in this case reveal any circumstances that might warrant favoring the

payment of the unsecured student loan over the payment of the other unsecured obligations. The Debtors have failed in their burden to show that a reasonable basis exists for their discriminatory classification of unsecured claims. Therefore, the Trustee's § 1322 objection that the Debtor's Chapter 13 plan discriminates unfairly must be sustained.

 There is a further ground for denial of the Debtors' amended plan. Debtors' plan must comply with the best interests of creditors test. 11 U.S.C. § 1325(a)(4) (1991). If the bankruptcy estate were liquidated, there would be $4,450.00 in non-exempt, non-secured property available for distribution. Because the plan provides the non-student loan claimants with nothing, the plan fails the test. The Court thus denies confirmation of Debtors' amended Chapter 13 plan.

Chapter 13 Trustee also asserts that Debtors' plan violates 11 U.S.C. § 1325(b) and 11 U.S.C. § 1322(a)(1) because an application for automobile financing submitted approximately two weeks before the Chapter 13 filing lists Debtors' combined salary at $78,000.00 per year and thus indicates that Debtors may have understated their income in their Chapter 13 statement. The Court is satisfied that any misstatement of income occurred in the submission of the application for automobile financing, not in Debtors' Chapter 13 statement. Thus, the Court overrules this objection of the Chapter 13 Trustee and Credit Union.

Beneficial of Illinois, Inc. objected to confirmation of Debtors' first Chapter 13 plan, requesting that Beneficial be paid outside of Debtors' Chapter 13 plan. Beneficial did not object to Debtors' amended Chapter 13 plan, did not appear at the hearing, and cited no statutory or case law authority in support of its objection in violation of Local Rule of Bankruptcy Procedure 14. The Beneficial objection to confirmation of Debtors' Chapter 13 plan is therefore overruled.

## ORDER

IT IS ACCORDINGLY ORDERED that confirmation of Debtors' amended Chapter 13 plan is denied and Debtors' motion to amend their Chapter 13 plan is denied.