**In re Michael T. DODDS, and Shelly L. Dodds, Debtors.**

**Bankruptcy No. 91–11576–13.**

United States Bankruptcy Court, D. Montana.

May 27, 1992.

---

Robert G. Drummond, Great Falls, Mont., Chapter 13 Standing Trustee.

Joseph V. Womack, Waller & Womack, P.C., Billings, Mont., for debtors.

### ORDER

JOHN L. PETERSON, Bankruptcy Judge.

In this Chapter 13 case, hearing on confirmation of the Debtors' Amended Chapter 13 Plan, together with objections thereto by the Chapter 13 Panel Trustee, was held on May 13, 1992. The Trustee's objection is based on the Plan provision which provides a student loan will be paid in full outside the Plan according to its terms, while other unsecured claims will receive payment of approximately 79% of their claims. The Trustee reasons that such Plan provision is unfair and discriminates among the unsecured class of creditors in violation of 11 U.S.C. § 1322(b)(1).

The Chapter 13 Plan provision provides that the non-dischargeable student loan in the sum of $3,285.39, with interest at 9% per annum, will be paid on according to its terms at the rate of $60 per month for 54 months. Correspondingly, the unsecured class totalling claims of $12,831.84 will be paid over 36 months, resulting in a Plan percentage payment projected at 79%. If the Trustee's objection is sustained, and the student loan is paid along with the other unsecured claims, it turns out the unsecured class will receive only 75% on each claim over a 36 month Plan term.

Nevertheless, the Trustee urges the Court to adopt the so-called "bright line" test adopted in *In re Taylor*, 137 B.R. 60 (Bankr.N.D.Okl.1992), which holds, after analyzing *In re Boggan*, 125 B.R. 533 (Bankr.N.D.Ill.1991), *In re Scheiber*, 129 B.R. 604 (Bankr.D.Minn.1991), *In re Tucker*, 130 B.R. 71 (Bankr.S.D.Iowa 1991), *In re Foreman*, 136 B.R. 532 (Bankr.S.D.Iowa 1992) and *In re Saulter*, 133 B.R. 148 (Bankr.W.D.Mo.1991):

> Based upon the foregoing, it is this court's view that a "bright line" should be drawn to prohibit, in a Chapter 13 plan, any discrimination in favor of non-dischargeable student loan obligations over other unsecured creditors.

> A Chapter 13 plan may not provide for payments over a period greater than 36 months, unless "cause" exists for a longer period, and in no event may the payments exceed 60 months. 11 U.S.C. § 1322(c) (1978). It is this court's view that "cause" does not exist to extend payments beyond 36 months in order to pay in full a non-dischargeable unsecured student loan obligation, while making no further payments to other unsecured creditors. Thus, debtors' Chapter 13 plan may not be confirmed. *Id.* at 65.

Of course, if the bright line test were applied in this case, the Court would be forcing the Debtor into a 54 month Plan. I do not believe the Court can write a Plan for the Debtor. I hold the Plan satisfies the provisions of Section 1322(b)(1) and (5) as discussed in *In re Saulter*, supra at 150, in treating student loans as longterm debts, as one possibility of satisfying confirmation standard against unfair discrimination.

> Such treatment would require the debtor to cure any arrearage in the student loan indebtedness within a reasonable time and maintain regular payments during the pendency of the Plan. 11 U.S.C. Section 1322(b)(1). Since the 1990 amendments, the rationale for such treatment is even stronger. * * *

> Since student loan liability now typically survives a Chapter 13 bankruptcy, Section 1322(b)(5) is directly applicable where the final payment date of the loan falls after the end of the Chapter 13 Plan.

*Saulter* would, however, find any other treatment of the student loan as unfair

discrimination to the remaining members of the unsecured class. I do not so hold, and believe the Chapter 13 Plan provisions regarding non-dischargeable obligations should be decided on a case-by-case basis. Sometimes even "bright lines" can result in unfair results to the unsecured class, particularly where the unsecured, dischargeable class would receive more under a Chapter 13 Plan than in a Chapter 7 liquidation case. *See, In re Haag,* 3 B.R. 649 (Bankr. Oreg.1980) (where the unsecured class would receive no distribution under Chapter 7, a Chapter 13 Plan providing 100% payment to a non-dischargeable claim of child support and 25% to other unsecured claims is not unfair discrimination because there is a rational basis for discrimination). It is noteworthy in the case *sub judice* that there has not been any objection to the amended Plan by any member of the unsecured class. From the foregoing, I find the amended Chapter 13 Plan satisfies the provisions of § 1322(b)(1), and does not discriminate unfairly among the unsecured class.

IT IS ORDERED the Chapter 7 Trustee's objections to the Amended Chapter 13 Plan filed January 27, 1992, are denied and the Chapter 13 Plan is confirmed.