**In re Robert Allen TUCKER, Debtor.**

**Bankruptcy No. 92–60524.**

United States Bankruptcy Court,
N.D. Ohio.

July 16, 1992.

Toby Rosen, Canton, OH, trustee.

Donald M. Miller, Canton, OH, for debtor.

## MEMORANDUM OF DECISION

JAMES H. WILLIAMS, Chief Judge.

This matter comes before the court on the objection of Toby L. Rosen, Standing Chapter 13 Trustee (Trustee) to confirmation of the Chapter 13 plan filed by Robert Allen Tucker (Debtor). A hearing was held June 26, 1992 at which time the court took the matter under advisement.

The court has jurisdiction in this matter by virtue of 28 U.S.C. § 1334(b) and General Order No. 84 entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (L). This Memorandum of Decision constitutes the court's findings of fact and conclusions of law pursuant to Fed.R.Bankr.P. 7052.

## DISCUSSION

Debtor's plan separates unsecured creditors into two classes. Student loan claims, which are nondischargeable in bankruptcy pursuant to 11 U.S.C. § 1328(a)(2), total $6,285.00 and the proposed payment is 100%. General unsecured creditors, who hold claims totalling $6,300.00, will be paid 5% over the 48–month life of the plan. The Trustee objects to this classification as unfair discrimination pursuant to 11 U.S.C. § 1322(b)(1), which provides:

... the plan may—

(1) designate a class or classes of unsecured claims, as provided in section 1122 of this title, but may not discriminate unfairly against any class so designated[.]

Separate classification of student loan debts in a Chapter 13 plan is a fairly recent phenomenon, brought about by legislative changes in 1990 which rendered student loan debts nondischargeable in Chapter 13 cases unless the debtor can show undue hardship. 11 U.S.C. § 1328. There is authority supporting the positions of both Debtor and Trustee. In *In re Boggan*, 125 B.R. 533 (Bankr.N.D.Ill.1991), the court approved a Chapter 13 plan which permitted a 100% payment for student loans and 15% to other unsecured creditors. It held that because student loan creditors will always have recourse against the debtor, the nondischargeable nature of such debts is a valid basis for discrimination. *Id.* at 534. The court also concluded that the plan was in the "best interest of creditors" as required by 11 U.S.C. § 1325(A)(4), because the creditors would not receive less than in a Chapter 7 case. A very recent case, *In re Dodds*, 140 B.R. 542 (Bankr.D.Mont.1992), also confirmed a plan with a separate student loan class on a similar basis.

*Boggan* has been severely criticized by other courts. *See In re Tucker*, 130 B.R. 71 (Bankr.S.D.Iowa 1991); *In re Saulter*, 133 B.R. 148 (Bankr.W.D.Mo.1991). The following language concisely summarizes the problem with the *Boggan* rationale:

While the Congress clearly intended by its 1990 amendment that debtors be required to pay all of their student loan obligations, this court does not believe that it also intended to provide debtors with a ready excuse for unfairly discriminating against other unsecured creditors, which is specifically prohibited by § 1322(a)(3).

*In re Taylor*, 137 B.R. 60, 62 (Bankr. W.D.Okla.1992).

Other courts have agreed with the concept that the nondischargeability of student loans in a Chapter 13 case is an insufficient basis in and of itself to warrant discrimination in favor of those creditors. In *In re Scheiber*, 129 B.R. 604 (Bankr.D.Minn. 1991), the proposed pay-out was 100% to student loan obligations and 3.5% to unsecured creditors. The court noted that the focal point should be the nature of the debt and creditor, not the best interests of the debtor. Although a previous decision of that court had permitted separate classification for nondischargeable child support, the court cited the strong public policy to ensure the support of children as a basis for its holding in the earlier case, and concluded that repayment of student loans did not rise to such a significant public policy level as to warrant discrimination. *Id.* at 606. *See also Tucker*, 130 B.R. at 73

(while child support or alimony payments may be a situation where discrimination is proper, student loans generally do not fall into such a category).

The case of *Saulter, supra* involved a 100% pay-out of student loan debts with unsecured creditors receiving 10%. The court recognized that such treatment would allow the debtor to impermissibly circumvent the obligations owed to unsecured creditors.

> The basis of the discriminatory treatment in debtor's plan appears to be the fact that the student loan indebtedness is not dischargeable. Debtor seeks to exit bankruptcy free of student loan liability at the expense of other unsecured creditors. In essence, debtor's plan shifts the student loan non-dischargeability burden from herself onto her general unsecured creditors by paying them less during the course of her plan so that she might repay her full student loan indebtedness. This Court does not find such rationale to be a reasonable basis for discriminatory treatment in the Chapter 13 plan.

*Id.* at 149.

While the court has not uncovered any authority in this Circuit concerning treatment of student loan debts in Chapter 13, it agrees with the holding of *Saulter* and similar cases which prohibit any separate classification of student loan obligations in a Chapter 13 plan at the expense of general unsecured creditors. Congress acted affirmatively in 1990 to make Section 523's ban against discharging most student loans applicable in Chapter 13. It must be presumed to have been aware that it had earlier acted, in Section 1322(b)(1), to prohibit unfair discrimination against any class a debtor might designate in a plan. By providing that "[c]reditors holding unsecured claims shall be paid 5% ... " but that "[a]ll student loans shall be paid 100%" the debtor here clearly discriminates among his unsecured creditors. His only basis for doing so appears to rest in the student loans' nondischargeability. That, as *Saulter* suggests, is the debtor's problem which he cannot foist off on his other unsecured creditors.

The court will sustain the Trustee's objection and deny confirmation at this time. The Debtor shall amend his Chapter 13 plan to conform with this decision within two weeks of the date of the accompanying order or the case will be dismissed.