**In re Gary C. BENNER, d/b/a Destiny Homes, Inc., Debtor.**

**Bankruptcy No. 92–10483–13.**

United States Bankruptcy Court, D. Montana.

Oct. 22, 1992.

Jerrold L. Nye, Nye & Meyer, P.C., Billings, Mont., for debtor.

Neal Jensen, Asst. U.S. Trustee, Great Falls, Mont.

## ORDER

JOHN L. PETERSON, Bankruptcy Judge.

After due notice hearing was held at Billings on October 20, 1992, on confirmation of the Debtor's Second Amended Chapter 13 Plan ("Plan"), filed October 9, 1992. The Chapter 13 Trustee filed an objection on October 15, 1992, on the grounds that

the Plan unfairly discriminates against the class of unsecured claims, while paying a nondischargeable maintenance unsecured claim in full, in violation of 11 U.S.C. § 1322(b)(1). The Debtor filed a response to the objection on October 16, 1992, and was represented at the hearing in support of confirmation. The Chapter 13 Trustee was represented at the hearing in opposition. The Debtor's ex-wife and creditor, based upon a nondischargeable maintenance obligation, was also represented by counsel in support of confirmation. No testimony or exhibits were admitted into evidence. Argument of counsel was heard. At the close of the hearing this Court deemed the matter submitted and took it under advisement. This matter is deemed submitted and ripe for decision.

At issue is whether the Plan unfairly discriminates against the unsecured claims in violation of § 1322(b)(1) when it provides for the payment in full over five years of a nondischargeable maintenance obligation while paying nothing to the other unsecured claims. For the reasons set forth, below this Court holds that it does not unfairly discriminate against the unsecured claims, overrules the objection, and orders the Plan confirmed.

The Debtor filed a voluntary Chapter 13 petition on March 27, 1992, and filed the Schedules April 8, 1992. At Schedule B the Debtor lists personal property in the amount of $3,078. However, of this personal property the Debtor claims a total of $2,425 as exempt property at Schedule C, leaving $653 available for distribution to creditors in the event of liquidation. The Plan lists priority claims in the amount of $2,953.35. No objection has been filed to the amounts in the Schedules or the Plan. Therefore, this Court finds that the general unsecured claims, scheduled in the amount of $48,017, would receive zero payment in the event of liquidation under Chapter 7.

The Debtor's ex-wife, Catherine Guenther, is listed at Schedule F as an unsecured nonpriority claim in the amount of $11,200 for past due maintenance. By operation of 11 U.S.C. § 1328(a)(2) and 11 U.S.C. § 523(a)(5), this debt is excepted from discharge under either Chapter 7 or 13. *In re Haag*, 3 B.R. 649, 651 (Bankr.Or. 1980). However, Guenther has not objected to the treatment of the maintenance claim under the Plan. On the contrary, Guenther's counsel expressly stated that Guenther consents to the treatment of the maintenance debt under the Plan, and waives any rights under state law in order to have the maintenance paid for under the Plan. This is not a case of mandatory inclusion of a maintenance debt in a Chapter 13 Plan, and therefore the ruling in *In re Pacana*, 125 B.R. 19, 25 (9th Cir. BAP 1991) is not applicable. Furthermore, no other unsecured creditors have objected to their treatment under the Plan.

This Court cited *Haag* in *In re Dodds*, 140 B.R. 542, 544 (Bankr.Mont.1992), for the proposition that Plan provisions regarding nondischargeable obligations should be decided on a case-by-case basis. The facts in *Haag* are quite similar to the facts in the instant case. Both cases involved nondischargeable obligations. 3 B.R. at 651. In both cases, if the Debtor sought relief under Chapter 7 there would be no distribution to unsecured creditors upon liquidation. *Id.* Both Debtors could obtain the same relief in a Chapter 7 liquidation as in a Chapter 13 case without obligating any of their future income toward payment of the claims of the general unsecured creditors. *Id.*

 Courts have developed a four-part test to determine whether a proposed separate classification of unsecured claims is fair: (1) whether the discrimination has a reasonable basis; (2) whether the Debtor can carry out a Plan without the discrimination; (3) whether the discrimination is proposed in good faith; and (4) whether the degree of discrimination is directly related to the basis or rationale for the discrimination. *In re Wolff*, 22 B.R. 510, 512 (9th Cir. BAP 1982); *In re Leser*, 939 F.2d 669, 672 (8th Cir.1991). Based upon the lack of objection from the affected creditors, the nondischargeable nature of the maintenance debt, the consent of Guenther, the fact that the unsecured creditors would receive nothing in a Chapter 7 liquidation,

and the Debtor's voluntary assumption of a 5 year Plan, this Court finds that there is a rational basis for discrimination between the claim for maintenance and the other unsecured claims and that the division of claims into the separate classes does not discriminate unfairly against the general unsecured claims. The Court finds that the Plan satisfies the provisions of § 1322(b)(1), and that the Trustee's objection is not filed for good cause.

As noted by the Eighth Circuit in *Leser,* Congress anticipated some discrimination by allowing for separate classes of unsecured claims, and prohibited only unfair discrimination. 939 F.2d at 671–672. The mere fact that the maintenance debt, a nondischargeable obligation, is paid in full while other unsecured claims receive nothing is not sufficient for a finding of unfair discrimination. The Trustee failed to suggest a scenario in which the unsecured creditors could receive more "fair" treatment under a Chapter 13 Plan while retaining the consent and forbearance by Guenther from enforcing the maintenance obligation under state law, which could scuttle any attempt at performing under a Plan.

IT IS ORDERED the Chapter 13 Trustee's objection to confirmation, filed October 13, 1992, is overruled; and this Court shall enter a separate Order confirming the Debtor's Second Amended Chapter 13 Plan, filed October 9, 1992.