In re Daniel Thomas TUCKER, and Betty Marie Tucker, Debtors.

Bankruptcy No. 93–30302–13.

United States Bankruptcy Court, D. Montana.

Oct. 1, 1993.

---

Bruce M. Wilson, Missoula, MT, for debtors.

## ORDER

JOHN L. PETERSON, Bankruptcy Judge.

In this Chapter 13 case the Trustee objects to confirmation of the Debtors' Plan on the grounds it unfairly discriminates against unsecured creditors in favor of paying the Debtors' student loan debts in full, in violation of 11 U.S.C. § 1322(b)(1).[1]

The Debtors assert that the Plan does not unfairly discriminate, and seek confirmation. For the reasons set forth below, the objection is overruled and the Plan ordered confirmed.

After due notice, a hearing on confirmation of the Debtors' Chapter 13 Plan, filed March 10, 1993, was held at Missoula on September 7, 1993. Nine (9) unsecured creditors filed objections to the proposed Plan on June 1, 1993. The Debtors filed an amended Chapter 13 Plan on August 6, 1993, which became the Plan by operation of 11 U.S.C. § 1323(a). The Chapter 13 Trustee filed objections to confirmation on August 30, 1993, on the grounds of § 1322(b)(1), and in addition § 1325(b)(2)(B) for the Debtors' failure to commit one hundred percent (100%) of their disposable income to the Plan.[2]

---

1. 11 U.S.C. 1322(b) Subject to subsections (a) and (c) of this section, the plan may—
   (1) designate a class or classes of unsecured claims, as provided in section 1122 of this title, but may not discriminate unfairly against any class so designated; however, such plan may treat claims for a consumer debt with the debtor differently than other unsecured claims.

2. The Trustee has apparently abandoned the disposable income objection, failing to address it both at the hearing and in the brief. The Plan provides for monthly payments in the amount of $115, which corresponds to the difference between the Debtors' current income and expenditures shown by Schedules I & J.

The Trustee appeared at the hearing in support of the § 1322(b)(1) objection. The Debtors were represented at the hearing by counsel, who requested a continuance which was denied. No testimony or exhibits were admitted into evidence. The Trustee argued that the Plan unfairly discriminates against the unsecured creditors by paying the Debtors' student loan debts in full, while paying the other unsecured claims a dividend equal to twenty-nine percent (29%) of their claims. At the close of the hearing the Court granted the parties additional time to file briefs, and took the matter under advisement. The parties' briefs have since been filed and considered by the Court.

At issue is whether the Plan unfairly discriminates against the unsecured creditors in violation of § 1322(b)(1) by paying nondischargeable student loan debts in full while only paying a 29% dividend on the other unsecured claims.

■ Debtors filed the instant voluntary Chapter 13 petition on March 10, 1993, together with the Statements and Schedules. Schedule B lists personal property totalling $3,105. Debtors claim virtually all the personal property as exempt at Schedule F, except for $180 worth of a motor vehicle which exceeds the allowed exemption.[3]

Likewise, Debtors' real property is either encumbered or exempt, leaving little available for distribution to unsecured creditors in the event of liquidation.

Schedule F lists unsecured claims in the total amount of $14,208. Of that total two claims are for student loans in the sum of $4,183. The remainder are for services, purchases, or miscellaneous claims, all of which are dischargeable.

■ The parties agree that the Plan provides for payment in full of the student loan debts over the period of 48 months, while paying a dividend of 29% to the other unsecured creditors. The Trustee argues such treatment unfairly discriminates against the other unsecured creditors, and the Trustee's brief relies mainly on the fact that several unsecured creditors filed objections to the proposed Plan.[4]

The Debtors argue that the discrimination in the Plan is fair because it allows the Debtors to pay the student loans in full, which fulfills the intent of Congress in making student loans nondischargeable; the Plan pays 29% percent to the unsecured creditors where they would receive virtually nothing if the case were in Chapter 7; and finally it gives the Debtors a "fresh start".

■ Both sides cite *In re Dodds*, 140 B.R. 542, 544 (Bankr.D.Mont.1992), wherein this Court stated that Plan provisions regarding nondischargeable obligations would be decided on a case-by-case basis. *In re Benner*, 146 B.R. 265, 266 (Bankr. D.Mont.1992). In determining whether a Plan discriminates unfairly against a class of unsecured claims, courts have developed a four-part test: (1) whether the discrimination has a reasonable basis; (2) whether the Debtor can carry out a Plan without the discrimination; (3) whether the discrimination is proposed in good faith; and (4) whether the degree of discrimination is directly related to the basis or rationale for the discrimination. *Id.* (citing *In re Wolff*, 22 B.R. 510, 512 (9th Cir. BAP1982); *In re Leser*, 939 F.2d 669, 672 (8th Cir.1991)).

---

3. No objections have been filed to the Debtors' claimed exemptions within the time allowed by F.R.B.P. 4003(b) & 11 U.S.C. § 522(*l*). They are therefore allowed as claimed. *Taylor v. Freeland & Kronz*, — U.S. —, —, 112 S.Ct. 1644, 1647–48, 118 L.Ed.2d 280 (1992).

4. The objections were all filed by H. John Balyeat, an attorney who holds an unsecured claim and apparently represents the other unsecured creditors. The objections to proposed plan are identical except for the name of the creditor, and were all filed June 1, 1993, against the Debtor's original Plan filed March 10, 1993. The original Plan provided for payments over 36 months. None of the objections cite a reason or ground for objection. They simply state that the "creditor's [sic] herein, reject the proposed plan offered by the debtor(s)." Were this a case under Chapter 11, such rejection might be significant in the confirmation process. Here in a Chapter 13 case, however, where acceptance by a class of creditors is not a prerequisite to confirmation, such rejection unaccompanied by articulated reasons is of little effect.

Other courts, citing problems with the four-part test, have developed an alternative test: that a discrimination between classes of unsecured creditors in a Chapter 13 Plan is "fair" under § 1322(b)(1) only to the extent that it rationally furthers an articulated, legitimate interest of the Debtor. *In re Brown,* 152 B.R. 232, 237–38 (Bankr.N.D.Ill.1993); *In re Lawson,* 93 B.R. 979, 984 (Bankr.N.D.Ill.1988). This Court sees no reason to depart from its use of the four-part test, although either seems workable in determining whether discrimination is unfair.

■ As the court in *Brown* notes, Congress included the right to classify unsecured debt in a number of provisions making Chapter 13 "uniquely advantageous" to debtors to encourage the use of Chapter 13 over Chapter 7 liquidations. 152 B.R. at 238. As a result, unsecured creditors have no right to pro rata payment in Chapter 13. *Id.* at 239.

■ The parties agree that the Debtors' student loan debts are nondischargeable. Those creditors may legally take action to collect on their claims after a Chapter 13 case is completed and a discharge has been granted, while creditors with dischargeable claims may not. *In re Smallberger,* 157 B.R. 472, 475–76 (Bankr.D.Or.1993). As that court wrote in finding discrimination in favor of student loan claims unfair:

> It seems unfair to the creditors in the objecting creditor's class to receive nothing under the plan on account of their dischargeable unsecured claims while creditors holding potentially non-dischargeable unsecured claims are to be paid all of the debtor's disposable income (after administrative, secured and priority claims are paid).

*Id.*

That court, noting that Congress could have granted student loans priority treatment but did not, refused to allow separate classification simply on the basis that they were nondischargeable or in the interests of the debtor's "fresh start". *Id.*

The court in *In re Tucker,* 150 B.R. 203, 204 (Bankr.N.D.Ohio 1992), likewise found unfair discrimination in a plan which proposed paying 100% of student loans over 48 months while paying the unsecured claims five percent (5%). The court deemed repayment of nondischargeable student loans to be the debtor's problem "which he cannot foist off on his·other unsecured creditors." *Id.* at 204. The court, like *Smallberger,* refused to permit discrimination solely on the basis the student loans are nondischargeable.

Even the court in *Smallberger,* however, notes that "a debtor might accomplish the result sought here by filing a chapter 7 case and then a chapter 13 case to deal with the nondischargeable obligations. Such 'chapter 20' cases are not per se impermissible. *See, Johnson v. Home State Bank,* —— U.S. ——, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991)." 157 B.R. at 477, fn. 2.

This focuses the inquiry on whether the discrimination is indeed "unfair." Debtors in Chapter 13 have the unwaivable right to convert to Chapter 7 at any time. 11 U.S.C. § 1307(a). The parties agree that if the Debtors converted this case to Chapter 7 all of the unsecured claims would get virtually nothing after administrative expenses and their claims would be discharged, with the exception of the student loan debts. The student loan debts, while not discharged, would not be paid voluntarily by the Debtors from post-petition income in Chapter 7 as they would be under the proposed Chapter 13 Plan. By preventing the discrimination in favor of the nondischargeable student loans, the courts in *Smallberger* and *Tucker* encourage debtors to utilize Chapter 7 instead of Chapter 13, despite Congressional intent favoring Chapter 13.

The court in *Tucker* criticizes cases which allow discrimination in favor of student loans, such as *In re Boggan,* 125 B.R. 533 (Bankr.N.D.Ill.1991), because it found the mere nondischargeability of student loans is not enough to excuse discrimination. 150 B.R. at 204 (quoting *In re Taylor,* 137 B.R. 60, 62 (Bankr.W.D.Okla. 1992)). What the *Tucker* court ignores is the fact that the plan in *Boggan* provided that the creditors subject to discrimination

would not receive less than in a Chapter 7 case. 150 B.R. at 204. The opinion in *Tucker* does not reveal whether Tucker's unsecured creditors fared better in the proposed Chapter 13 Plan than under Chapter 7.

■ This Court, looking at the facts on a case-by-case basis, deems such a liquidation analysis highly significant. If this case is converted to a Chapter 7 case, the unsecured creditors will receive nothing and have their claims discharged. If the Plan is confirmed they will receive 29% of their claims. The fairer treatment for the creditors is clearly the 29% dividend in Chapter 13, which Congress encourages Debtors to use in lieu of Chapter 7. The creditors who filed the rejections of the proposed Plan cannot hope to thereby force a larger dividend upon these Debtors, who have nothing to lose by converting to Chapter 7 except all the unsecured claims which are not student loan debts.

■ Turning to the four-part test, I first find that the discrimination has a reasonable basis, i.e., it provides for the payment in full of nondischargeable student loans. Second, I find that the Debtor cannot carry out a Plan without the discrimination. The Debtors already have extended the Plan period to four years, longer than the three year period of 11 U.S.C. § 1322(c). If the discrimination is not allowed the Plan payments would be completed without the student loans paid in full, thereby leaving the Debtors saddled with debt after four years under a Plan and defeating their "fresh start." The Trustee and creditors might suggest that the Debtors could extend the Plan period up to five years to pay the unsecured claims more. As I noted in *Dodds*, however, I do not believe the Court can write Plans for the Debtors. 140 B.R. at 543. The only inquiry before the Court is whether the Plan as proposed discriminates unfairly.

Third, I find that the discrimination is proposed in good faith. There is nothing in the record to suggest that these Debtors proposed the discrimination in bad faith. Fourth, I find that the degree of discrimination is directly related to the basis or rationale for the discrimination. They com-

mit their disposable income for four years to the Plan, thereby providing a 29% dividend for creditors who would otherwise be left out in the cold in Chapter 7. The Plan pays in full a nondischargeable student loan and provides the Debtors with a "fresh start" at the end of 48 months free from all debts.

The Trustee's objections are based mainly on the objections filed by the unsecured creditors. They in turn cited no basis for their objections. While objections by members of the unsecured class are noteworthy, *Dodds*, 140 B.R. at 544, they are not determinative when they do not cite any basis for their objections and when they failed to appear and prosecute their objections. The student loan creditors did not object to confirmation of the Plan.

In sum, I find that the Trustee's objections, as well as the unsecured creditors' rejections of the Plan, are not filed for good cause under § 1322(b)(1). I further find that the Amended Chapter 13 Plan filed August 6, 1993, satisfies the requirements of 11 U.S.C. § 1325.

IT IS ORDERED the Trustee's and unsecured creditors' objections to confirmation are overruled; and the Court shall enter a separate Order confirming the Debtors' Amended Chapter 13 Plan, filed August 6, 1993.