In re Barbara J. WILLIS, Debtor.

Bankruptcy No. 95–02481–C.

United States Bankruptcy Court,
N.D. Oklahoma.

Dec. 5, 1995.

James A. Conrady, Okmulgee, OK, for Debtor.

Lonnie D. Eck, Trustee, Tulsa, OK.

## MEMORANDUM OPINION

STEPHEN J. COVEY, Bankruptcy Judge.

This matter comes on to be heard upon the Joint Stipulation of Facts filed by Debtor, Barbara J. Willis ("Debtor"), and Lonnie D. Eck, Chapter 13 Standing Trustee for the Northern District of Oklahoma (the "Trustee"). The Court being fully advised in the premises hereby finds as follows:

### STATEMENT OF FACTS

Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on August 15, 1995. Debtor's Schedule F includes unsecured non-priority claims in the amount of $19,131.48. Included among the unsecured non-priority claims are two non-dischargeable student loans that total $9,926.66. The other unsecured non-priority claims total $9,204.82. Debtor filed her Chapter 13 Plan (the "Plan") on August 30, 1995. The Plan separates unsecured creditors without priority into two classes. The two student loan claims are classified as a special unsecured class (the "Special Class"). The Plan proposes one hundred percent (100%) payment to the Special Class. The Plan proposes to pay the other unsecured non-priority claims (the "General Class") ten percent (10%) over the duration of the plan, which is 54 months.

On October 3, 1995, at a hearing on confirmation of the plan, the Trustee objected to confirmation of the plan because the plan unfairly discriminates against the General Class of unsecured creditors in violation of 11 U.S.C. § 1322(b)(1). At the hearing, the Court agreed to rule on the issue after the parties filed a Joint Stipulation of Facts and legal authorities with respect to the propriety of paying the Special Class of unsecured claims one hundred percent (100%) and the General Class of unsecured claims ten percent (10%). The parties filed the Joint Stipulation of Facts and submitted legal authorities on October 16, 1995. Debtor seeks confirmation of her Chapter 13 Plan. The Trustee requests that the Court deny confirmation of Debtor's plan because it unfairly discriminates against the General Class of unsecured non-priority claims in violation of 11 U.S.C. § 1322(b)(1).

### DISCUSSION

■ The issue before the Court is whether a Chapter 13 plan which treats nondischargeable student loan debts more favorably than other unsecured claims may be confirmed. Section 1322(b)(1) of the Bankruptcy Code provides that a confirmable Chapter 13 plan may:

(1) designate a class or classes of unsecured claims, *as provided in section 1122 of this title, but may not discriminate unfairly against any class so designated;* however, such plan may treat claims for a consumer debt of the debtor if an individual is liable on such consumer debt with the debtor differently than other unsecured claims[.]

11 U.S.C. § 1322(b)(1) (emphasis added).

Also, 11 U.S.C. § 1122 provides as follows:

(a) Except as provided in subsection b of this section, a plan may place a claim or an interest in a particular class *only if such claim or interest is substantially similar to the other claims or interests of such class.*

11 U.S.C. § 1122 (emphasis added).

■ Section 1322 provides that the debtor "may designate a class or classes of unsecured claims, as provided in section 1122 of this title, but [the plan] may not discriminate unfairly against any class so designated." The plain language of section 1122 requires claims to be placed in a particular class only if they are "substantially similar" to the oth-

er claims in the class. However, section 1122 clearly does not require that all similar claims be placed in the same class. *See In re Brown,* 152 B.R. 232, 235 n. 3 (Bankr.N.D.Ill. 1993), *rev'd on other grounds, McCullough v. Brown,* 162 B.R. 506 (N.D.Ill.1993).

The basic issue is whether Debtor's classification of claims unfairly discriminates between the two classes of unsecured creditors. Many courts have recognized that the Code itself authorizes different treatment of unsecured claims. *In re Leser,* 939 F.2d 669, 671 (8th Cir.1991). *See In re Smalberger,* 157 B.R. 472, 475 (Bankr.D.Or.1993); *In re Storberg,* 94 B.R. 144, 146 (Bankr.D.Minn.1988).

■ The Code does not define the term "unfair discrimination." However, the Court in *In re Lawson,* 93 B.R. 979 (Bankr.N.D.Ill. 1988), developed the following test for reasonableness in discriminatory classifications under Section 1322(b)(1): [1]

> [A] discrimination is "fair," and therefore permissible, to the extent, and only to the extent, that it rationally furthers an articulated, legitimate interest of the debtor.

93 B.R. at 984.[2] The Debtor has the burden of proving that the proposed classification does not discriminate unfairly. *See In re Scheiber,* 129 B.R. 604, 606 (Bankr.D.Minn. 1991). Applying the *Lawson* test to the present case, this Court finds that the Debtor's classification of unsecured claims does not unfairly discriminate against the unsecured creditors that are not student loan debts. *See In re Tucker,* 159 B.R. 325 (Bankr.D.Mont.1993); *In re Benner,* 156 B.R. 631 (Bankr.D.Minn.1993); *In re Dodds,* 140 B.R. 542 (Bankr.D.Mont.1992); *In re Boggan,* 125 B.R. 533 (Bankr.N.D.Ill.1991). Debtor's legitimate interest for discriminating against the unsecured creditors is that

the Code provides that student loans are not ordinarily dischargeable in bankruptcy. 11 U.S.C. § 523(a)(8). Debtor's discrimination is reasonable so that she may pay her nondischargeable student loan debts within the Plan. If Debtor emerges from bankruptcy still owing her student loans, she will not have the benefit of the "fresh start."

■ A Debtor's interest in receiving a "fresh start" is also a reasonable basis for discrimination. Congress has called the "fresh start," "the essence of modern bankruptcy law." H.R.Rep. No. 595, 95th Cong., 1st Sess. 117 (1977) (*cited in In re Brown,* 152 B.R. 232, 240 (Bankr.N.D.Ill.1993), *rev'd on other grounds, McCullough v. Brown,* 162 B.R. 506 (N.D.Ill.1993). The fresh start has been recognized by courts as "one of the primary purposes" of bankruptcy law. *Local Loan v. Hunt,* 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934). Debtor should be allowed to complete her Chapter 13 Plan and emerge from bankruptcy without the burden of her nondischargeable student loans.

In addition, by providing that student loans are not dischargeable in bankruptcy except in very limited circumstances, Congress has established a public policy in favor of repayment of student loan debts. *See Collier on Bankruptcy* ¶ 1322.05 & n. 17e, at 1322–15 (L. King 15th ed. 1987) (*citing* Omnibus Budget Reconciliation Act of 1990, Pub.L. No. 101–508 (1990)). The repayment of student loans allows the perpetuation of the process whereby persons who would not otherwise have the opportunity may be afforded an education. Although the other unsecured creditors are denied an additional percentage of the money which Debtor will contribute to the Plan, Debtor's interest in paying the nondischargeable student loans

---

1. Other courts have used the following four-part test to determine whether a Chapter 13 plan unfairly discriminates: (1) whether the discrimination has a reasonable basis; (2) whether the debtor can carry out a plan without the discrimination; (3) whether the discrimination is proposed in good faith; and (4) whether the degree of discrimination is directly related to the basis or rationale for the discrimination. *In re Leser,* 939 F.2d 669, 672 (8th Cir.1991) (citations omitted).

2. The Court in *In re Lawson* modeled its test for reasonableness after the Supreme Court's test for reasonableness of legislation challenged under the Equal Protection Clause. The Supreme Court examines legislation "to determine whether it rationally furthers some legitimate, articulated state purpose." *San Antonio Independent School District v. Rodriguez,* 411 U.S. 1, 17, 93 S.Ct. 1278, 1288, 36 L.Ed.2d 16 (1973).

outweighs the creditor's interest in receiving the additional funds.

This Court is aware that its position on the issue of unfair discrimination is a minority view. *See In re Groves,* 39 F.3d 212 (8th Cir.1994); *McCullough v. Brown,* 162 B.R. 506 (N.D.Ill.1993) (listing reported decisions); *In re Taylor,* 137 B.R. 60 (Bankr.W.D.Okla. 1992).