In re Barbara J. WILLIS, Debtor.

Lonnie D. ECK, Appellant,

v.

Barbara J. WILLIS, Appellee.

Bankruptcy No. 95–02481–C.
No. 96–C–90–E.

United States District Court,
N.D. Oklahoma.

June 28, 1996.

---

**3.** Marion Beatty, *The Eminent Domain Procedure Act,* 32 J.B.A.K. 125, 130 (1963).

James A. Conrady, Okmulgee, OK, for debtor.

Lonnie D. Eck, Trustee, Tulsa, OK.

### ORDER

ELLISON, District Judge.

On December 5, 1995, the Bankruptcy Court approved, over the objection of the Chapter 13 Standing Trustee for the Northern District of Oklahoma, the separate classification and treatment of student loan debts and other unsecured non-priority debts. Appellant appeals the decision of the Bankruptcy Court and asserts that the Bankruptcy Court's holding that the student loan debt may be classified and treated differently than other unsecured debt was improper. For the reasons discussed below, the Bankruptcy Court's decision is **REVERSED.**

### I. STATEMENT OF FACTS & PROCEDURAL HISTORY

Appellee filed a voluntary petition under Chapter 13 on August 15, 1995. [*See* Record on Appeal ("ROA"), Joint Stipulation of Facts, ¶ 1.] Appellee filed her Chapter 13 Plan on August 30, 1995. [ROA, Joint Stipulation of Facts, ¶ 2.]

Appellee listed, on schedule F, creditors holding unsecured claims without priority in a total amount of $19,131.48. [ROA, Joint Stipulation of Facts, ¶ 3.] Included within the total of unsecured claims without priority are two student loan claims (totaling $9,926.66). [ROA, Joint Stipulation of Facts, ¶ 3.] Appellee's Chapter 13 Plan separates the unsecured creditors without priority into two classes. [ROA, Joint Stipulation of Facts, ¶ 4.] The student loan claims ($9,926.66) are classified as a "special unsecured class," with the proposed payment to that class set at 100%. [ROA, Joint Stipulation of Facts, ¶ 4.] All remaining unsecured creditors without priority ($9,204.82) are in a separate class, with a projected payment to that class at 10%. [ROA, Joint Stipulation of Facts, ¶ 4.]

The sole ground asserted by the debtor for the separate treatment of student loans and other unsecured claims is that student loans are nondischargeable. [ROA, Joint Stipulation of Facts, ¶ 5; Appellee's Response Brief in Chief, filed April 3, 1996 at 2.]

The Bankruptcy Court held that the separate classifications by the debtor did not unfairly discriminate between the claims. The Bankruptcy Court noted that the debtor has a legitimate interest in discriminating "against the unsecured creditors" because the "Code provides that student loans are not ordinarily dischargeable in bankruptcy," and discrimination is therefore necessary to insure the debtor the benefit of a "fresh start." *In re Willis,* 189 B.R. 203, 205 (N.D.Okla. 1995); Memorandum Opinion at 4. The Bankruptcy Court noted that "[t]his Court is aware that its position on the issue of unfair discrimination is a minority view." *Id.*

Appellant asserts that separately classifying and treating the unsecured loans and the student loans unfairly discriminates against the unsecured creditors in violation of 11 U.S.C. § 1322(b)(1).

### II. STANDARD OF REVIEW

■ The Bankruptcy Court's findings of fact are reviewed under the "clearly erroneous" standard. Conclusions of law are reviewed *de novo. Bartmann v. Maverick Tube Corp.,* 853 F.2d 1540, 1543 (10th Cir.

1988). "When reviewing factual findings, an appellate court is not to weigh the evidence or reverse the finding because it would have decided the case differently. A trial court's findings may not be reversed if its perception of the evidence is logical or reasonable in light of the record." *In re Branding Iron Motel, Inc.*, 798 F.2d 396 (10th Cir.1986) (citations omitted).

The parties agree that the issue presented to this Court is a matter of law subject to *de novo* review. *See, e.g., In re Klein*, 57 B.R. 818, 819 (9th Cir. BAP 1985).

## III.  ANALYSIS

Prior to 1990, although non-dischargeable under Chapters 7 and 11, student loans were dischargeable under Chapter 13. However, in 1990, Congress amended the Bankruptcy Code and made student loans non-dischargeable under Chapter 13. In response to the congressional amendment, debtors filing under Chapter 13 began proposing plans which would permit the full repayment of student loan obligations at the "expense" of other unsecured (and dischargeable) debts.

█ Section 1322(b)(1) of the Code provides that a Chapter 13 plan may

designate a class or classes of unsecured claims, as provided in section 1122 of this title, but *may not discriminate unfairly against any class so designated;* however, such plan may treat claims for a consumer debt of the debtor if an individual is liable on such consumer debt with the debtor differently than other unsecured claims.

11 U.S.C. § 1322(b)(1) (emphasis added). The statute does not prohibit, *per se,* the separate classification or treatment of claims, but provides that a plan may not "discriminate unfairly against any class so designated."

Since 1990, numerous bankruptcy courts, a few district courts, and one circuit court have addressed whether a debtor's separate classification and treatment of student loan debt violates the Bankruptcy Code's prohibition against "unfair discrimination." A well-reasoned opinion that is supportive of the "minority view" that a Chapter 13 plan which provides that nondischargeable student loans

and other unsecured claims can be treated differently is *In re Brown*, 152 B.R. 232 (Bankr.N.D.Ill.1993). The decision of the Bankruptcy Court in *Brown* was reversed by the district court, in a well-reasoned decision supportive of the "majority view," *McCullough v. Brown*, 162 B.R. 506 (N.D.Ill.1993). This Court concludes that the court's decision in *McCullough* is the more persuasive, and adopts the "majority view."

█ In concluding that the separate classification and treatment of student loan debt and other unsecured debt was not "unfairly discriminatory," the Bankruptcy Court focused primarily on the "fresh start" which is the "essence of modern bankruptcy law." *Willis* at 205; Memorandum Opinion at 4. The Court recognizes that the need to provide a "fresh start" to the debtor is one of the underpinnings of bankruptcy law. However, Congress, which created the bankruptcy law and the "fresh start" concept also determined that student loans should not be discharged in Chapter 13 proceedings.

But perhaps the most telling piece of evidence in that direction actually derives from Congress' affirmative decision to withdraw student loans from Chapter 13 discharge. It must be remembered that the very congressional decision that rendered student loans nondischargeable in Chapter 13 proceedings reflected Congress' policy decision that excluded such debts from a pure fresh-start analysis: Congress has expressly decided that a debtor who has not paid off 100% of those loans will not emerge from Chapter 13 washed clean of the indebtedness. It is thus ironic (to say the least) to point to the generalized bankruptcy goal of a fresh start as the claimed "justification" for a plan that is skewed in favor of paying debts that will have to be paid in all events, whatever the plan might provide. *In re Colfer*, 159 B.R. 602, 610 (Bankr. D.Me.1993) puts the matter simply, "Congress has made the call. The courts should not approve as 'fair' discriminatory classification schemes 'needed' only for the purpose of mitigating the consequences of statutory discharge exceptions."

*McCullough* at 514. Consequently, although providing a "fresh start" to a debtor is important, this concept alone cannot justify the approval of a Chapter 13 plan which provides for the payment of the full amount owed for a student loan (because such a debt is nondischargeable), but does not provide for the full payment of remaining unsecured (but dischargeable) debt.

■ Section 1322(b)(1) of the Code provides that a Chapter 13 plan may not discriminate unfairly against any class. 11 U.S.C. § 1322(b)(1). The emphasis of the statute is the "discrimination" against the creditor. The sole ground asserted by the debtor for the separate treatment of student loans is that the loans are nondischargeable. This reason focuses solely upon the interests of the debtor, and, simply put, does not justify the discriminatory treatment which Appellee seeks. *McCullough*, 162 B.R. at 517 (N.D.Ill.1993) ("But all of that having been said, what remains clear is that no Chapter 13 plan can be approved that treats unpaid student loans more favorably than other unsecured debts solely because they are student loans."). Appellee advances no other reason to support the preferential treatment of student loans. Absent some other justification for the discriminatory treatment, the Court cannot affirm the approval of a Chapter 13 Plan permitting the disparate treatment of student loans and other unsecured debts. *See also Groves v. LaBarge*, 39 F.3d 212 (8th Cir.1994) (nondischargeability of student loan debt is insufficient justification for the substantially different treatment of student loan debt as compared to other unsecured debt); *In re Sperna*, 173 B.R. 654 (9th Cir. BAP 1994) ("[T]he nondischargeable nature of a student loan debt is not, by itself, a reasonable basis for discrimination."); *In re Taylor*, 137 B.R. 60 (Bankr.W.D.Okla.1992) (concluding that a "bright line" should be drawn prohibiting any discrimination in favor of nondischargeable student loan debt over other unsecured debt).

Accordingly, the decision of the Bankruptcy Court is **REVERSED** and **REMANDED** for further proceedings consistent with this order.